**Gabriel TAFOLLA, Relator,**

v.

**CITY OF UVALDE, Texas et al.,
Respondents.**

**No. 14717.**

Court of Civil Appeals of Texas.

San Antonio.

May 10, 1968.

Pat Maloney, San Antonio, Mike V. Gonzalez, Del Rio, for relator.

David R. White, Uvalde, for respondents.

## PER CURIAM.

This is an original action for mandamus brought in this Court by Gabriel Tafolla, relator, against the City Council, City Manager and City Attorney of the City of Uvalde, Texas, respondents, seeking to compel respondents to place relator's name on the ballot to be used in a special election to be held in the City of Uvalde on May 14, 1968, to fill a vacancy in the office of city councilman created by resignation.

Relator timely filed his application to have his name placed on the ballot for said election. According to his petition for mandamus, he was notified on April 16, 1968, that the City Attorney and City Manager had concluded that he was not a qualified candidate for the office of City Council because he failed to meet the qualifications imposed by the City Charter relating to residence within the City and owner-

ship of real property therein. Thereafter, the official ballot was printed, with relator's name omitted, and absentee balloting began on April 24, 1968.

Relator filed his application for mandamus in this Court on May 8, 1968, fourteen days after the commencement of absentee voting. The period for absentee voting ends today, May 10, 1968.

Relator contends that since questions relating to his residence in the City of Uvalde and his ownership of real property therein involve the determination of complicated questions of law and fact, the officials in charge of conducting the election could not make the decision relating to eligibility for office, and that, therefore, mandamus will lie to compel the inclusion of his name on the official ballot in the absence of a judicial determination of his ineligibility. See Parker v. Brown, 425 S.W.2d 379 (Tex. Civ.App.—Tyler 1968, no writ) and the authorities therein cited.

Respondents call our attention to the fact that since absentee balloting is already in progress, the case is moot because it is impossible for this Court to resolve the issues presented in time to allow for the printing and preparation of absentee ballots to be available to voters as and when required by law. Skelton v. Yates, 131 Tex. 620, 119 S.W.2d 91 (1938); Board of Trustees, Tabasco Consol. Independent School Dist. v. Edwards, 311 S.W.2d 872 (Tex.Civ.App.— San Antonio 1958, no writ).

Relator seeks to avoid the holdings in *Skelton* and *Edwards* by pointing out the harsh effects of such holdings in situations where the challenged error or omission is not discovered in time to seek legal redress before absentee balloting begins. However, the case before us does not involve that problem. Here relator knew of the alleged illegal action some eight days before absentee voting began. The fact that timely relief was available is evidenced by the fact that the petition for mandamus now before us was filed, heard and decided within the

space of three days. Instead, relator delayed seeking relief for a period of twenty-two days, and, at the time he instituted this proceeding, absentee balloting had been in progress for fourteen days. Neither his petition for mandamus nor the affidavits filed in support thereof disclose reasonable grounds for such delay. Whatever harsh consequences may flow from our overruling of his petition for mandamus are the result of his delay in seeking relief until a time when we can enter no order which would be effective to govern this election. We merely hold that under these circumstances relator's petition for relief comes too late.

The petition for mandamus is dismissed. No motion for rehearing will be entertained.