## DENNIS RAY JONES *v.* THOMAS GILL, LIEUTENANT GOVERNOR OF THE STATE OF HAWAII.

### No. 4819.

NOVEMBER 1, 1968.

### RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ. AND CIRCUIT JUDGE KING ASSIGNED BY REASON OF VACANCY.

*Per Curiam.* On September 14, 1968, by letter dated September 13, the Peace and Freedom Party was duly informed by the Lieutenant Governor that the name of Eldridge Cleaver could not appear as a presidential candidate on the ballot as he was 33 years of age and did not meet the specific requirement of Article II, Section 1 of the United States Constitution.[1]

He also informed the party by this letter that under Act 42, S.L.H. 1968, his office was required to make available to voters a special new resident's ballot sixty days before the general election or by September 6, that he was already a week late under that requirement and that he would proceed with the printing of such a ballot.

He also informed the party that the printing of the short form ballot would not foreclose the addition of a Peace and Freedom nominee's name to it if an eligible candidate was seasonably found. He also stated that the regular ballot for the general election would not be printed until shortly after the October 5th primary and the question would be reconsidered if by that time new information was available.

Nothing was done by the party or by any of its duly elected officers until this petition, an original action for mandamus, was filed in this Court on October 30, 1968 at 8:35 a.m. A hearing

---

[1] "No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen years a Resident within the United States."

thereon was held on November 1, 1968. The petitioner requests that this court issue one of the three alternative mandates prayed therein.

The record shows that the deadline for the casting of the short form ballot for nonresident voters was midnight October 30, 1968 and that 2,255 absentee ballots were cast. Also, the record shows that by 9:30 a.m. , November 1, 1968, 2,100 regular absentee ballots were cast.

The petitioner has failed to show why he did not take any administrative means to remedy the situation though a way had been left open by the Lieutenant Governor. Nor has he shown any reason for his delay in seeking relief from this Court until this late date when we cannot enter an order which would be effective to govern the election.

Therefore, we hold that in these circumstances the petition for relief comes too late and it is denied on the ground of laches. *Tafolla* v. *City of Uvalde,* Tex. Civ. App., 428 S.W.2d 486 (1968) ; *State* v. *Board of Elections of Richland County,* 14 Ohio St.2d 129, 237 N.E.2d 133 (1968) .

*Brook Hart (Greenstein & Cowan* of counsel) for petitioner.

*Morton King,* Deputy Attorney General *(Bert T. Kobayashi,* Attorney General) for respondent.