The petition, filed in this court on October 22, 1934, fifteen days
 
 before the
 
 general
 
 election to be
 
 held on November 6, 1934, alleges that relators were nominated for county offices, representing a group called tbe Citizens, and their names appear in a separate column on tbe ballot not beaded by. a circle or emblem such as appears on tbe Republican and Democratic ballots; that tbe Secretary of State certified to tbe Hamilton County Board of Elections and that board.has printed ballots wbicb were contrary to tbe provisions of Section 4785-109, G-eneral Code; and that tbe provisions of that section were not followed in tbe arrangement of tbe names of county offices. Tbe relators pray for a writ of mandamus commanding tbe Secretary of State and tbe Board of Elections of Hamilton county to place and print tbe names of candidates for county office in Hamilton county in the order required by that statute, opposite tbe names of tbe respective offices to wbicb they have been nominated, and to furnish said
 
 *569
 
 ballots to the electors of said county on November 6, 1934.
 

 The answer alleges that the Secretary of State, in compliance with the provisions of Section 4785-95, General Code, certified the form of the official ballot complained of to the Board of Elections of Hamilton county at least forty days before the ensuing general election; that the identical form was certified to every Board of Elections in the eighty-eight counties of this state; that on or before thirty days before the forthcoming general election the finished printed ballots were delivered to the Board of Elections of Hamilton county, and absent voters’ ballots have been sent out to the number of two hundred and sixteen; that ample opportunity was given by law to the relators to question or object to the matters concerning which they now complain prior to the printing of said ballots, and prior to the time fixed by law for casting absent voters’ ballots. The answer then pleads laches and estoppel.
 

 Objection not having been made to the form of the ballots not later than forty days before the election, the ballots having been printed and absent voters’ ballots having been cast, the respondents could not legally comply with a writ of mandamus should one issue, and this court would be powerless to enforce obedience thereto.
 
 State, ex rel. Vail,
 
 v.
 
 Fulton, Secy. of State,
 
 97 Ohio St., 325.
 

 The issuance of the extraordinary writ of mandamus rests in the. sound discretion of the court, which may refuse to issue the writ in favor of a relator who has allowed an unreasonable time to elapse before bringing his action.
 
 Chinn
 
 v.
 
 Trustees,
 
 32 Ohio St., 236;
 
 State, ex rel. Smith,
 
 v.
 
 Witter, Dir.,
 
 114 Ohio St., 357.
 

 It is clear that it would be impossible to meet the requirements- of statute governing elections and reprint the ballots in time for the election. It therefore appears that any decision that this court might make would be merely upon an abstract proposition of law
 
 *570
 
 which this court will not do.
 
 Miner
 
 v.
 
 Witt,
 
 82 Ohio St., 237.
 

 It is therefore ordered and adjudged that, upon the undisputed facts, the writ of mandamus prayed for be, and the same hereby is, denied.
 

 Writ denied.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Zimmerman and Wilkin, JJ., concur.
 

 Bevis, J., not participating.