. By the Court.
 

 Relator, as taxpayer, citizen, elector, candidate for attorney general on the Prohibition party nominating petition, attorney for such party and of counsel for the Socialist Labor party, on October 7,1936, filed a petition in mandamus in this court and on October 15th filed an amendment to the petition, praying that respondent, as chief election officer of the state, be commanded to certify to county boards of elections names of all candidates for presidential electors and state offices of the Prohibition and Socialist Labor parties, and that he be required to prepare, print and circulate a form of ballot showing names of all presidential electors, with blank spaces on the ballot in which names of other candidates for presidential electors may be written. A demurrer was filed by the respondent.
 

 Section 4785-113, General Code, requires that absent voters’ ballots be printed and ready for use 30 days before the date of an election, which election falls on November 3rd this year. The petition in this case was not filed until after ballots were printed for and in use by such absent voters. Therefore the respondent
 
 *19
 
 could not comply with the mandatory 30-day provision should the writ be issued.
 
 State, ex rel. Friedlander,
 
 v.
 
 Myers, Secy. of State,
 
 128 Ohio St., 568, 192 N. E., 737.
 

 Relator challenges the constitutionality of Sections 4785-107 and 4785-108, General Code, which direct that the names of candidates for presidential electors shall not be printed upon the ballot, but, after nomination, shall be filed with the Secretary of State, and that the names of candidates for President and Vice-President of parties or groups shall be printed on the ballot with the statement that a vote for the candidates named shall be a vote for the electors of such party or group. Section 1, Article II, U. S. Constitution, vests the Legislature with authority to direct the manner in which presidential electors shall be appointed, and as there is no provision in the Ohio Constitution limiting the exercise of that delegated power, Sections 4785-107 and 4785-108, General Code, are not unconstitutional.
 
 McPherson
 
 v.
 
 Blacker,
 
 146 U. S., 1, 36 L. Ed., 869, 13 S. Ct., 3.
 

 In determining qualified signers on the nominating petitions the county boards of elections considered as qualified only those signers who were registered electors. The amendment to the petition challenges Sections 4785-34 to 4785-60, inclusive, General Code, with reference to registration, upon the ground that those sections violate Section 26, Article II, providing for uniform operation of statutes, and Article XVIII, classifying municipalities into cities and villages. We are of opinion that the present laws pertaining to registration do not provide an unreasonable classification of cities and that the statutes are of uniform operation in those portions of the state to which they apply. We' are also of the opinion that the portion of Section 4785-34, General Code, which denies nonregistered electors the right to sign nominating petitions, is constitutional. The boards of .elections were therefore warranted in
 
 *20
 
 approving only signatures of registered electors in those precincts in which registration was required.
 

 The demurrer will be sustained and the petition dismissed.
 

 Demurrer sustained and petition dismissed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Day and Zimmerman, JJ., concur.
 

 Williams, J., not participating.