THE STATE, EX REL. LIGHTLE, RELATOR, *v.* GLASS, AUDITOR, RESPONDENT.

[Cite as State, ex rel. Lightle, *v.* Glass (1983), 8 Ohio St. 3d 1.]

(No. 83-1626—Decided November 3, 1983.)

*Messrs. Spater, Gittes & Terzian, Mr. Frederick M. Gittes* and *Mr. Gordon G. Hobson,* for relator.

*Mr. James A. Berry,* prosecuting attorney, *Mr. Kenneth M. Elder* and *Mr. Thomas W. Wilson,* for respondent.

*Per Curiam.* R.C. 305.31 states in part that the "county auditor shall, after ten days, and *not later than * * * the seventy-fifth day before the day of election,* certify the text of the resolution * * *." (Emphasis added.) Applying this time frame to the facts of the instant case it can be seen that if respondent has a clear legal duty, the time during which he should have performed it was somewhere between May 9, 1983 and August 25, 1983. Relator's right, if one exists, ripened on August 25, 1983. He nevertheless waited more than fifty days to exercise his right.

In *State, ex rel. Friedlander,* v. *Myers* (1934), 128 Ohio St. 568 [1 O.O. 167], this court was faced with a case similar to the instant case where the relator had filed his complaint only days before the general election seeking to compel a change in the ballot. In that case this court stated that, "[t]he issuance of the extraordinary writ of mandamus rests in the sound discretion of the court, which may refuse to issue the writ in favor of a relator who has allowed an unreasonable time to elapse before bringing his action. * * * [Citations omitted]." *Id.* at 569. This reasoning applies equally to the instant case.

R.C. 305.31 further states that, "[t]he board shall submit the resolution * * * to such electors * * * at the next succeeding * * * election * * * occurring subsequent to seventy-five days after the certifying of such petition to the board of elections."

It is clear that it would be impossible to meet the requirements of R.C. 305.31 and place the resolutions on the November 8, 1983 ballot. Relator has allowed an unreasonable time to elapse before bringing this action.

Accordingly the issuance of a writ of mandamus is denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.