June 23, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-1519 

 MARY SEUFERT FISCHER,

 Plaintiff, Appellant,

 v.

 PHILLIP A. ROLLINS,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Rya W. Zobel, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Selya and Boudin, Circuit Judges.
 

 

Mary Seufert Fischer on various motions pro se.
 

 

 

 Per Curiam. Plaintiff has appealed from an order
 

denying in forma pauperis status. The appeal is timely.

Fiore v. Washington County Community Mental Health Center,
 

960 F.2d 229, 234-35 (1st Cir. 1992).

 We bypass the question whether plaintiff's

financial condition qualified her for in forma pauperis

status1 because we conclude that plaintiff's complaint

"lacks an arguable basis either in law or in fact." Neitzke
 

v. Williams, 490 U.S. 319, 325 (1989). Consequently,
 

plaintiff's action should be dismissed as frivolous under 28

U.S.C. 1915(d). We explain briefly.

 Plaintiff is not entitled to relief on her claim

for damages against state court judges. Stump v. Sparkman,
 

435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967)
 

(absolute judicial immunity). Plaintiff's allegations that

defendants deprived her of a jury trial or otherwise acted

improperly during the course of state court proceedings

constitute, in substance, a collateral attack on the state

court proceedings, which a lower federal court lacks

jurisdiction to entertain. Rooker v. Fidelity Trust Co., 263
 

U.S. 413 (1923); Lancellotti v. Fay, 909 F.2d 15, 17 (1st
 

 

1. We note, however, that while the face of plaintiff's
financial affidavit suggested she owned a $165,000 home with
significant furnishings and had no debts or dependents, other
filings indicate that plaintiff lives in a shelter, has lost
the home and furnishings, and has very limited financial
resources.

Cir. 1990). Plaintiff's Fourth Amendment claim is barred by

the statute of limitations. Wilson v. Garcia, 471 U.S. 261
 

(1985); Mass. G.L. ch. 260, 2A (3-year statute of

limitations). Plaintiff's challenge to the constitutionality

of state statutes omitting the names of presidential electors

from the ballot is legally meritless. Article two, section

one of the Constitution authorizes a state legislature to

determine how presidential electors shall be appointed and

does not require the electors' names to appear on the ballot

if the names of the candidates for president and vice-

president are on the ballot. Hawke v. Myers, 132 Ohio St.
 

18, 4 N.E.2d 397 (1936). And plaintiff's contract action

against her ex-husband must be dismissed for lack of

diversity jurisdiction.

 The order denying in forma pauperis status is

summarily vacated pursuant to First Circuit Rule 27.1 and the

case is remanded to the district court with directions to

dismiss the action as frivolous under 28 U.S.C. 1915(d).

Appellant's motion to correct record and suspend rules is

denied.

 Vacated and remanded.
 

 -3-