USCA1 Opinion

 

 June 23, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1519 MARY SEUFERT FISCHER, Plaintiff, Appellant, v. PHILLIP A. ROLLINS, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Mary Seufert Fischer on various motions pro se. ____________________ ____________________ ____________________ Per Curiam. Plaintiff has appealed from an order __________ denying in forma pauperis status. The appeal is timely. Fiore v. Washington County Community Mental Health Center, _____ __________________________________________________ 960 F.2d 229, 234-35 (1st Cir. 1992). We bypass the question whether plaintiff's financial condition qualified her for in forma pauperis status1 because we conclude that plaintiff's complaint "lacks an arguable basis either in law or in fact." Neitzke _______ v. Williams, 490 U.S. 319, 325 (1989). Consequently, ________ plaintiff's action should be dismissed as frivolous under 28 U.S.C. 1915(d). We explain briefly. Plaintiff is not entitled to relief on her claim for damages against state court judges. Stump v. Sparkman, _____ ________ 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967) _______ ___ (absolute judicial immunity). Plaintiff's allegations that defendants deprived her of a jury trial or otherwise acted improperly during the course of state court proceedings constitute, in substance, a collateral attack on the state court proceedings, which a lower federal court lacks jurisdiction to entertain. Rooker v. Fidelity Trust Co., 263 ______ __________________ U.S. 413 (1923); Lancellotti v. Fay, 909 F.2d 15, 17 (1st ___________ ___ ____________________ 1. We note, however, that while the face of plaintiff's financial affidavit suggested she owned a $165,000 home with significant furnishings and had no debts or dependents, other filings indicate that plaintiff lives in a shelter, has lost the home and furnishings, and has very limited financial resources. Cir. 1990). Plaintiff's Fourth Amendment claim is barred by the statute of limitations. Wilson v. Garcia, 471 U.S. 261 ______ ______ (1985); Mass. G.L. ch. 260, 2A (3-year statute of limitations). Plaintiff's challenge to the constitutionality of state statutes omitting the names of presidential electors from the ballot is legally meritless. Article two, section one of the Constitution authorizes a state legislature to determine how presidential electors shall be appointed and does not require the electors' names to appear on the ballot if the names of the candidates for president and vice- president are on the ballot. Hawke v. Myers, 132 Ohio St. _____ _____ 18, 4 N.E.2d 397 (1936). And plaintiff's contract action against her ex-husband must be dismissed for lack of diversity jurisdiction. The order denying in forma pauperis status is summarily vacated pursuant to First Circuit Rule 27.1 and the case is remanded to the district court with directions to dismiss the action as frivolous under 28 U.S.C. 1915(d). Appellant's motion to correct record and suspend rules is denied. Vacated and remanded. ____________________ -3-