JOURNAL ENTRY AND OPINION
The relators, John Hartman and the Libertarian Party of Ohio, have filed a complaint for a writ of mandamus through which they seek an order from this Court which requires the immediate placement of Hartman'5 name on the November 6, 2001 ballot for Lakewood City Council. Sua sponte, we dismiss the relators' complaint for a writ of mandamus.
On September 4, 2001, the Cuyahoga County Board of Elections voted unanimously to place Hartman on the ballot as the Libertarian candidate for the office of Lakewood City Council. On September 12, 2001, the Board revisited the issue of whether Hartman would appear on the ballot as a Libertarian candidate. The vote of the Board resulted in a tie which required that the issue of placement of Hartman on the ballot as a Libertarian candidate be referred to the Secretary of State pursuant to R.C. 3501.11. On October 9, 2001, the Secretary of State issued an opinion which denied certification of Hartman as a Libertarian candidate for Lakewood City Council based upon the fact that the Libertarian Party failed to cast five percent of the total vote cast at the election held on November 7 2000, and thus, the Libertarian Party ceased to exist as a political party. On November 2, 2001, the relators filed their complaint for a writ of mandamus.
The Supreme Court of Ohio, in State ex rel. The Limited, Inc. v.Franklin Cty. Bd. of Elections (1993), 66 Ohio St.3d 524, opined:
 That, pursuant to R.C. 3501.11, the decision of the Secretary of State (or his designate) is final and not subject to appeal. In addition, there in no showing by relators that the decision of the Secretary of State (or his designate) involved any fraud, corruption, abuse of discretion, or clear disregard of statutes or court determinations to warrant granting the extraordinary writs of mandamus and/or prohibition. See State ex rel. Ruehlmann v. Luken (1992), 65 Ohio St.3d 1, 598 N.E.2d 1149; State ex rel. White v. Franklin Cty. Ed. of Elections (1992), 65 Ohio St.3d 5, 598 N.E.2d 1152; and State ex rel. White v. Franklin Cty. Ed. off Elections (1992), 65 Ohio St.3d 45, 600 N.E.2d 656.
Id., at 526.
Herein, the relators' complaint for a writ of mandamus fails to contain any allegations of fraud, corruption, or abuse of discretion on the part of the respondents. In addition, we find that the Secretary of State has not clearly disregarded statutes or prior court determinations by denying certification to Hartman as a Libertarian candidate for Lakewood City Council.
Finally, we find that the doctrine of laches is applicable to the relators' complaint for a writ of mandamus since it was filed less than seven days before the upcoming election. State ex rel. Lightle v. Glass
(1983), 8 Ohio St.3d 1, 455 N.E.2d 1275; State ex rel. Bargahiser v.Richland Cty. Bd. of Elections (1968), 14 Ohio St.2d 129, 237 N.E.2d 133.
Accordingly, we dismiss the relator's complaint for a writ of mandamus. Costs to relators. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ Dismissed.
PATRICIA A. BLACKMON, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.