[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 110.]

THE STATE EX REL. HACKWORTH *v.* HUGHES, MAYOR, ET AL.

[Cite as *State ex rel. Hackworth v. Hughes*, 2002-Ohio-5334.]

*Elections—Mandamus sought to compel Pickerington City Council et al. to place a proposed charter amendment on the November 5, 2002 election ballot— Writ denied, when—Petition did not fairly and substantially present the proposed charter amendment to the electorate—Violation of R.C. 731.31.*

(No. 2002-1547—Submitted September 27, 2002—Decided October 4, 2002.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶1} Relator, Ted Lee Hackworth, a registered elector of Pickerington, Ohio, and other proponents of a proposed amendment to the Pickerington Charter, circulated a petition seeking to amend Section 2.06 of the Pickerington Charter. Each part-petition contained the following language:

{¶2} "WHEREAS, it is our desire to amend section 2.06 of the Charter of the City of Pickerington to make provisions for certain ordinances and resolutions;

{¶3} "WHEREAS; it is our desire that zoning ordinances and resolutions (1) always have the three full readings, (2) be passed or adopted by no less than ¾'s of the members of the City Council and (3) not be passed as emergency legislation.

{¶4} "NOW THEREFORE, section 2.06 of the Charter of the City of Pickerington be amended to read as follows:

{¶5} "SECTION 2.06  ORDINANCES AND RESOLUTIONS

{¶6} "* * *

{¶7} "NOTWITHSTANDING ANY OTHER SECTIONS OF THIS CHARTER, OR ANY PROVISION IN THIS SECTION 2.06, EACH ZONING ORDINANCE OR RESOLUTION SHALL BE READ ON THREE SEPARATE

MEETING DAYS, AND THE REQUIREMENT SHALL NOT BE DISPENSED WITH BY A VOTE OF THE MEMBERS OF COUNCIL.

{¶8} "The vote on the question of passage of each resolution, ordinance, or motion, shall be taken by 'yea' or 'nay' and the vote entered in [sic, in the] minutes. No measures shall be passed without a concurrence of a majority of the members of Council, EXCEPT A VOTE ON THE QUESTION OF PASSAGE OF ANY ZONING RESOLUTION OR ORDINANCE, WHICH SHALL NOT BE PASSED WITHOUT A CONCURRENCE OF AT LEAST THREE-FOURTHS (3/4'S) OF THE MEMBERS OF COUNCIL.

{¶9} "Emergency of [sic] ordinances or resolutions shall require a three-fourths (3/4's) vote of council for enactment. If any emergency ordinance or resolution shall fail to receive the required three-fourths (3/4's) affirmative vote, but received [sic] the necessary majority for passage as non-emergency legislation, it shall become effective as non-emergency legislation. The Council before enacting shall determine that the ordinance or resolution is necessary for the immediate preservation of the public peace, health, safety, or welfare of the citizens of Pickerington, Ohio, and the ordinance or resolution shall contain a statement of necessity of declaring an emergency. NO ZONING ORDINANCE OR RESOLUTION SHALL BE ENACTED AS AN EMERGENCY ORDINANCE OR RESOLUTION AND NO ZONING ORDINANCE OR RESOLUTION SHALL CONTAIN AND [sic] STATEMENTS OF THE NECESSITY OF DECLARING AN EMERGENCY." (Capitalization sic.)

{¶10} This language was followed by "SEE ATTACHMENT A FOR THE ENTIRE SECTION 2.06." Attachment A to the petition included the foregoing language, as well as this language that followed it, which was not capitalized:

{¶11} "Each ordinance or resolution shall be authenticated by the clerk. The failure to sign shall not invalidate an otherwise properly enacted resolution or ordinance.

2

**{¶12}** "Public notice, as required by laws of the State of Ohio or by this Charter, shall be given legislation once in a newspaper determined by Council to be of general circulation within the Municipality, and this publication shall contain a statement that a copy of the legislation is available for inspection at the office of the manager.

**{¶13}** "By a majority vote of its members, Council shall cause the codification of the laws and ordinances of the Municipality. This codification will be updated at least every ten (10) years to include all new legislation. Copies of this code shall be placed in the Public Library, the Mayor's office, and the Municipal offices for public use."

**{¶14}** According to Hackworth, the six changes to Section 2.06 of the Pickerington Charter proposed by the charter amendment are (1) to require three readings by respondent Pickerington City Council of any zoning ordinance or resolution, (2) to increase the number and percentage of votes required for the passage of zoning ordinances, (3) to increase the number and percentage of votes required for the passage of emergency ordinances and resolutions, (4) to eliminate the right and opportunity to enact or pass zoning ordinances and resolutions as emergency legislation, (5) to make the city manager's office the place for public inspection of legislation, and (6) to increase the number of years between mandatory review and update of the charter by city council from five to ten years. Nevertheless, in the petition, only the first, second, and fourth of these changes were set forth in capital letters. And in the petition, only the first, second, and fourth of the changes were specified in the preliminary "whereas" clauses.

**{¶15}** On August 1, 2002, Hackworth filed the petition with the city clerk. The city clerk determined that the petition contained 356 valid signatures, which exceeded the number of signatures required for placement of the charter amendment on the ballot.

**{¶16}** At the August 20, 2002 council meeting, the city clerk notified council that the charter amendment petition contained sufficient valid signatures. The city law director then distributed copies of his handwritten analysis of the petition. He noted that the language of the proposed charter amendment contained typographical errors and was "confusing and misleading." On August 24, 2002, Hackworth responded to the law director's concerns. Hackworth admitted numerous typographical errors in the petition and claimed that any substantive changes to Section 2.06 were intended as part of the proposed charter amendment. Hackworth also noted that he knew of no requirement that charter amendment petitions capitalize all of the proposed amended language.

**{¶17}** On September 3, 2002, the city council considered the petition but did not pass an ordinance to place the charter amendment on the ballot. A motion to adopt the ordinance failed for lack of a second. The law director concluded that although the petition contained sufficient signatures and was filed on the proper form, the capitalization of some of the proposed amendments but not others might constitute a defect.

**{¶18}** On September 6, 2002, Hackworth filed this expedited election action for a writ of mandamus to compel respondents, the city council and its members, the mayor, the board of elections, and Secretary of State J. Kenneth Blackwell, to place the charter amendment on the November 2002 ballot. Hackworth's complaint did not contain an affidavit affirmatively stating that it was based on personal knowledge, as required by S.Ct.Prac.R. X(4)(B). Respondents filed answers, and the Pickerington respondents and the board filed motions for judgment on the pleadings. Hackworth filed a motion for leave to file an amended complaint, and the parties filed evidence and briefs pursuant to the expedited schedule in S.Ct.Prac.R. X(9). Hackworth's reply brief was due on September 26, but he did not file one.

**{¶19}** This cause is now before the court for a consideration of the merits.

Motions for Judgment on the Pleadings

**{¶20}** We deny the Pickerington respondents' and the board's motions for judgment on the pleadings. These motions are inappropriate in expedited election proceedings. See *State ex rel. Toledo v. Lucas Cty. Bd. of Elections* (2002), 95 Ohio St.3d 73, 74, 765 N.E.2d 854. Nevertheless, we will consider their arguments as part of our consideration of the merits.

S.Ct.Prac.R. X(4)(B); Motion for Leave to Amend

**{¶21}** Respondents city council, its members, and the mayor seek dismissal of this action or denial of the writ because Hackworth's initial complaint failed to comply with S.Ct.Prac.R. X(4)(B).

**{¶22}** Effective August 1, 2002, S.Ct.Prac.R. X(4)(B) was amended to specify that the affidavit required by this rule must be made on personal knowledge:

**{¶23}** "All complaints shall contain a specific statement of facts upon which the claim for relief is based, shall be supported by an affidavit of the relator or counsel specifying the details of the claim, and may be accompanied by a memorandum in support of the writ. *The affidavit required by this division shall be made on personal knowledge, setting forth facts admissible in evidence, and showing affirmatively that the affiant is competent to testify to all matters stated in the affidavit.* All relief sought, including the issuance of an alternative writ, shall be set forth in the complaint." (Emphasis added.) 95 Ohio St.3d CXXXVI.

**{¶24}** This amendment incorporates our construction of the previous version of S.Ct.Prac.R. X(4)(B) to require affidavits based on personal knowledge. See *State ex rel. Sekermestrovich v. Akron* (2001), 90 Ohio St.3d 536, 538, 740 N.E.2d 252, and cases cited therein. We have routinely dismissed original actions, other than habeas corpus, that were not supported by an affidavit expressly stating that the facts in the complaint were based on the affiant's personal knowledge. See *State ex rel. Tobin v. Hoppel*, 96 Ohio St.3d 1478, 2002-Ohio-4177, 773 N.E.2d 554; *State ex rel. Shemo v. Mayfield Hts.* (2001), 92 Ohio St.3d 324, 750 N.E.2d

167. The affidavit attached to Hackworth's complaint, in which one of his attorneys stated that the facts in the complaint were "true and accurate to the best of her knowledge and belief," does not comply with S.Ct.Prac.R. X(4)(B).

{¶25} Relator herein, however, unlike the relators in the cases that we dismissed for failure to comply with S.Ct.Prac.R. X, sought leave to file an amended complaint complying with the affidavit requirement of S.Ct.Prac.R. X(4)(B).

{¶26} Under Civ.R. 15(A), as made applicable here by S.Ct.Prac.R. X(2), leave to amend a complaint following the filing of a responsive pleading "shall be freely given when justice so requires." Given the policy favoring liberal amendment of pleadings under Civ.R. 15(A), the lack of prejudice to respondents or the electorate, and the preference to resolve cases on their merits, we grant Hackworth's motion for leave to amend his complaint. See, e.g., *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 631, 716 N.E.2d 704; *State ex rel. Huntington Ins. Agency, Inc. v. Duryee* (1995), 73 Ohio St.3d 530, 533, 653 N.E.2d 349.

Laches

{¶27} Respondents city council, its members, and the mayor also claim that this action is barred by laches. They claim that Hackworth failed to act with due diligence because he moved for leave to file an amended complaint fourteen days after the September 3 council meeting. But Hackworth filed his original complaint, which is substantively identical to the amended complaint, a mere three days after that meeting; therefore, respondents are not prejudiced in defending against the amended complaint. And unlike other cases in which we denied motions to file amended complaints because they would cause delay, the amended complaint filed in this case does not extend the schedule for the presentation of evidence and briefs in this expedited election case past the date for having absentee ballots printed and

6

ready for use.  Cf. *State ex rel. Becker v. Eastlake* (2001), 93 Ohio St.3d 502, 504, 756 N.E.2d 1228.

{¶28} Therefore, laches is inapplicable.

Mandamus

{¶29} Hackworth requests a writ of mandamus to compel respondents to submit the proposed charter amendment to the electorate at the November 5, 2002 election.

{¶30} Section 7, Article XVIII of the Ohio Constitution authorizes municipal corporations like Pickerington to amend a home rule charter, and Sections 8 and 9, Article XVIII prescribe the applicable procedures.  These sections require the legislative authority of a city, e.g., city council, upon petition of ten percent of the electors to "forthwith" authorize by ordinance an election on a proposed charter amendment.  *State ex rel. Commt. for Charter Amendment Petition v. Avon* (1998), 81 Ohio St.3d 590, 592, 693 N.E.2d 205.  "When a municipal legislative authority erroneously fails to submit a charter amendment when it is presented with a legally sufficient petition, extraordinary relief in mandamus is available to order placement on the next regular ballot." *State ex rel. Commt. for the Charter Amendment Petition v. Hamilton* (2001), 93 Ohio St.3d 508, 509, 757 N.E.2d 294.

{¶31} The Pickerington City Council, however, had no duty to submit the proposed charter amendment to the electorate unless all statutory requirements were met.  *State ex rel. Semik v. Cuyahoga Cty. Bd. of Elections* (1993), 67 Ohio St.3d 334, 335-336, 617 N.E.2d 1120.  Pertinent statutes, or portions thereof, including R.C. 731.31, that do not conflict with the Ohio Constitution and the city charter must be satisfied before the city council's duty to submit the charter amendment to the voters arises.  *Becker*, 93 Ohio St.3d at 506, 756 N.E.2d 1228; *Morris v. Macedonia City Council* (1994), 71 Ohio St.3d 52, 55, 641 N.E.2d 1075; see, also, *State ex rel. Spadafora v. Toledo City Council* (1994), 71 Ohio St.3d 546,

549, 644 N.E.2d 393, in which we applied an R.C. 3519.06(D) requirement for initiative petitions to a petition seeking to place a proposed charter amendment on an election ballot.

{¶32} R.C. 731.31 provides that "each part of any initiative petition shall contain a full and correct copy of the title and text of the proposed ordinance or other measure." This requirement applies to charter amendment petitions. *Becker*, 93 Ohio St.3d at 506, 756 N.E.2d 1228. "[T]he purpose of this requirement is to fairly and substantially present the issue to electors in order to avoid misleading them." *Stutzman v. Madison Cty. Bd. of Elections* (2001), 93 Ohio St.3d 511, 514-515, 757 N.E.2d 297; see, also, *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 38, 671 N.E.2d 1 ("Omitting the title and/or text of a proposed ordinance is a fatal defect because it interferes with a petition's ability to fairly and substantially present the issue and might mislead electors").

{¶33} Generally, inclusion of the full text of an amendment or ordinance on a petition satisfies all constitutional and statutory requirements. *Christy*, 77 Ohio St.3d at 39, 671 N.E.2d 1. It satisfies these requirements because the full text of a proposed charter amendment usually fairly and substantially presents the issue to petition signers. Additionally, there is no specific requirement that petitioners capitalize the amended language in a proposed charter amendment.

{¶34} Nevertheless, Hackworth's charter amendment petition failed to comply with R.C. 731.31. The petition language emphasizes only three of the six amendments to Section 2.06 of the Pickerington Charter by capitalizing the language of three amendments but failing to capitalize the language of the remaining three. When coupled with the introductory preamble clause that specifies only the same three changes capitalized in the subsequent petition language, the petition could easily mislead petition signers to believe that only these three emphasized changes were being proposed by the amendment. As respondents

city council, its members, and the mayor assert, the "petition was presented to each signer and to City Council as purporting to contain only certain amendments."

{¶35} Consequently, the petition did not fairly and substantially present the proposed charter amendment to the electorate. Because the petition violated R.C. 731.31, respondents city council, its members, and the mayor had no duty to order its submission to the electorate on the November 5, 2002 election ballot. And Hackworth concedes that the remaining respondents, the board and the Secretary of State, have not failed to perform any duty.

{¶36} Based on the foregoing, we deny the writ.

Writ denied.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and COOK, JJ., dissent.

————————————

**COOK, J., dissenting.**

{¶37} Hackworth's charter amendment petition complied with R.C. 731.31 in that it contained "a full and correct copy of the title and text of the proposed ordinance or other measure." Inconsistent capitalization within the "full and correct copy" cannot render it legally defective, given that the statute expressly demands only complete and accurate text. I would grant the writ.

DOUGLAS, J., concurs in the foregoing dissenting opinion.

————————————

Susan J. Kyte and Sheryl D. Warner, for relator.

Robert E. Mapes, Pickerington Law Director, and Donald J. McTigue, for respondents Pickerington Mayor Randall L. Hughes, Pickerington City Council, and Pickerington City Council Members.

Betty D. Montgomery, Attorney General, and Arthur J. Marziale Jr., Assistant Attorney General, for respondent Secretary of State.

David L. Landefeld, Fairfield County Prosecuting Attorney, and Roy E. Hart, Assistant Prosecuting Attorney, for respondent Fairfield County Board of Elections.

_____