THE STATE EX REL. ESARCO v. YOUNGSTOWN CITY COUNCIL ET AL.

[Cite as *State ex rel. Esarco v. Youngstown City Council,*
116 Ohio St.3d 131, 2007-Ohio-5699.]

(No. 2007–1801—Submitted October 23, 2007—Decided October 26, 2007.)

_____

**Per Curiam.**

{¶ 1} This is an expedited election action for a writ of mandamus to declare unlawful an ordinance submitting a proposed charter amendment to the electorate, to prohibit the election on the proposed amendment, and to compel a city council and a mayor to create a charter commission to review and recommend charter amendments. Because the real objects sought are a declaratory judgment and prohibitory injunction and relator failed to comply with the personal-knowledge requirement of S.Ct.Prac.R. X(4)(B), we dismiss the cause.

{¶ 2} On September 5, 2007, respondent Youngstown City Council enacted Ordinance No. 07–218, which submits a proposed charter amendment to the electorate at the November 6, 2007 general election. The proposal would amend

various sections of the charter relating to the city of Youngstown's park and recreation commission.

{¶ 3} On September 6, the city certified the proposed charter amendment to the ballot for the November 6 election. On that same date, Maggy Lorenzi, a qualified elector, filed a written protest against the certification of the proposed charter amendment to the ballot. On the next day, Michael James, another qualified elector, filed a protest against the certification of the proposed charter amendment. Both protests claimed that the placement of the proposed amendment on the ballot violated the city charter and Sections 8 and 9, Article XVIII of the Ohio Constitution. On September 18, respondent Mahoning County Board of Elections held a hearing on the protests. The board denied the protests.

{¶ 4} On October 1, 2007, relator, Terrance P. Esarco, a taxpayer, resident, and registered elector of the city of Youngstown, filed this expedited election action for a writ of mandamus. In addition to declaring the proposed charter-amendment ordinance unlawful and invalid and ordering the Mahoning County Board of Elections to remove the ordinance from the November 6 election ballot, the action sought to compel the city council and mayor to create a charter commission to review and recommend charter amendments. Esarco did not file a protest against the ordinance placing the proposed charter amendment on the ballot and did not participate in the hearing on the protests by Lorenzi and James.

{¶ 5} In his complaint, Esarco named the city council and its members, the mayor, and the board of elections as respondents. Respondents filed answers, and the parties submitted evidence and briefs pursuant to the court's S.Ct. Prac.R. X(9) accelerated schedule for expedited election cases. Esarco's reply brief was due on October 22, but he failed to file one.

{¶ 6} This cause is now before us upon the merits of Esarco's purported mandamus claim.

## Mandamus in the Nature of Declaratory Judgment and Prohibitory Injunction

{¶ 7} Esarco primarily requests a writ of mandamus to declare Ordinance No. 07–218 unlawful and invalid and to prevent the November 6, 2007 election on the ordinance's proposed charter amendment. Esarco claims that the ordinance is invalid because it was not enacted in an open meeting of council, it was improperly characterized as an emergency measure, and it should have been presented to the city council by a charter commission.

{¶ 8} "It is axiomatic that 'if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.'" *State ex rel. Obojski v.*

*Perciak,* 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070, ¶ 13, quoting *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704.

{¶ 9} "We have applied this jurisdictional rule to expedited election cases by examining the complaint to determine whether it actually seeks to prevent, rather than compel, official action." *State ex rel. Evans v. Blackwell,* 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 20; *State ex rel. Reese v. Cuyahoga Cty. Bd. of Elections,* 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 13.

{¶ 10} Despite the fact that Esarco couched some of his allegations and requests in his complaint in terms of compelling affirmative duties, it is apparent that on his primary claim, Esarco actually seeks (1) a declaratory judgment that the ordinance submitting the charter amendment issue to the electorate is invalid and (2) a prohibitory injunction preventing the November 6, 2007 election on the proposed charter amendment. The complaint itself is titled "Verified Complaint for * * * Declaratory Judgment," and Esarco specifically requests that the ordinance be declared unlawful and invalid. He also requests that the proposed charter amendment "not be submitted to the voters of the City of Youngstown on November 6, 2007."

{¶ 11} The relief that Esarco requests is comparable to that sought by relators in other election cases in which we held that we lacked jurisdiction over mandamus claims to prevent issues from being placed on an election ballot. *Evans,* 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 21–22; *State ex rel. McCord v. Delaware Cty. Bd. of Elections,* 106 Ohio St.3d 346, 2005-Ohio-4758, 835 N.E.2d 336, ¶ 25–26; *State ex rel. Essig v. Blackwell,* 103 Ohio St.3d 481, 2004-Ohio-5586, 817 N.E.2d 5, ¶ 20–22. Although we have at times recognized the propriety of using a writ of mandamus to enjoin election officials from performing the ministerial act of placing an issue on an election ballot, these cases are either inapposite or ignore well-established precedent that this court lacks original jurisdiction in prohibitory injunction. See, generally, *Evans,* 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 24–27 (discussing inapposite cases); *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 248, 673 N.E.2d 1281 ("Neither this court nor a court of appeals has original jurisdiction in prohibitory injunction").

{¶ 12} Therefore, because Esarco seeks relief in the nature of declaratory judgment and prohibitory injunction, we lack jurisdiction to consider his purported mandamus claim and must dismiss the cause. *Evans* at ¶ 19; *Reese,* 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 15.

### Mandamus to Compel City Council and Mayor to Create Charter Commission to Review and Recommend Charter Amendments

{¶ 13} Esarco also requests a writ of mandamus to compel the city council and mayor to follow constitutional and charter provisions concerning the creation of a charter commission.

{¶ 14} Nevertheless, dismissal of this additional claim is required because Esarco's purported verification of the complaint did not satisfy the S.Ct.Prac.R. X(4)(B) personal-knowledge requirement. All complaints filed in original actions in this court, other than habeas corpus, must be supported by an affidavit specifying the details of the claim, and the affidavit "shall be made on personal knowledge." S.Ct.Prac.R. X(4)(B). " 'We have routinely dismissed original actions, other than habeas corpus, that were not supported by an affidavit expressly stating that the facts in the complaint were based on the affiant's personal knowledge.' " *State ex rel. Evans v. Blackwell*, 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 31, quoting *State ex rel. Hackworth v. Hughes*, 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 24.

{¶ 15} Although Esarco's verification initially states that he has "personal knowledge of the matters set forth herein," he does not expressly state that the facts set forth in his complaint are based on his personal knowledge. Instead, Esarco specifies in his verification that the facts in his complaint are based simply on the "best" of his knowledge, information, and belief: "I have reviewed the foregoing Verified Complaint for Writ of Mandamus, Alternative Writ of Mandamus and Declaratory Judgment and, *to the best of my knowledge, information and belief,* all of the facts alleged therein are true." (Emphasis added.)

{¶ 16} This affidavit is insufficient. *Evans,* 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 31–32 (affidavit statement that facts in the complaint are true and correct to the best of affiant's knowledge is insufficient to comply with S.Ct.Prac.R. X(4)(B)); *Hackworth,* 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 24 (affidavit statement that facts in the complaint are "true and accurate to the best of [affiant's] knowledge and belief" is insufficient to comply with the rule). Although respondents notified Esarco of this defect in both their answers and their merit briefs, Esarco failed to timely seek leave to amend his complaint to correct his verification. See *State ex rel. Commt. for the Charter Amendment for an Elected Law Dir. v. Bay Village,* 115 Ohio St.3d 400, 2007-Ohio-5380, 875 N.E.2d 574, ¶ 14. Therefore, dismissal is warranted. Id.; see also *Evans* at ¶ 34.

{¶ 17} Finally, Esarco's claims are also barred because he failed to file a protest against the ordinance he now challenges in this expedited election case. *State ex rel. Lynch v. Cuyahoga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 341, 343, 686 N.E.2d 498. "[A] relator must file a protest on relevant issues before bringing an action for an extraordinary writ based on those issues. By filing a protest, a relator avoids the charge that he or she has bypassed an adequate legal remedy." *State ex rel. Shumate v. Portage Cty. Bd. of Elections* (1992), 64 Ohio St.3d 12, 14, 591 N.E.2d 1194.

{¶ 18} For the foregoing reasons, we dismiss the cause.

Cause dismissed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

The Kish Law Firm, L.L.C., and Brian P. Kish, for relator.

Iris Torres Guglucello, Youngstown Law Director, and Anthony J. Farris, Deputy Law Director, for respondents Youngstown City Council and mayor.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Linette M. Stratford, Chief Assistant Prosecutor, Civil Division, for respondent Mahoning County Board of Elections.