[Cite as *State ex rel. Baker v. Brook Park*, 2012-Ohio-5043.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98991**

## STATE OF OHIO, EX REL. STEVE S. BAKER

RELATOR-APPELLANT

vs.

## CITY OF BROOK PARK, OHIO, ET AL.

RESPONDENTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-790980

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** October 29, 2012

**ATTORNEYS FOR APPELLANT**

Mark V. Guidetti
Joseph W. Diemert, Jr.
Thomas M. Hanculak
Joseph W. Diemert, Jr. & Associates, L.P.A.
1360 S.O.M. Center Road
Cleveland, OH   44124

**ATTORNEYS FOR APPELLEES**

**For City of Brook Park, et al.**

Neal M. Jamison
Largent, Berry, Preston & Jamison Co.
1 Berea Commons
Suite 216
Berea, OH   44017

**For Cuyahoga County Board of Elections**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: David Lambert
        Kelli Kay Perk
Assistant Prosecuting Attorneys
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel. Relator-appellant, Steve S. Baker, appeals the judgment of the Cuyahoga County Court of Common Pleas that denied his request for a writ of mandamus and dismissed the action. For the reasons stated herein, we affirm.

{¶2} On September 7, 2012, appellant filed a verified complaint and petition for peremptory writ in the first instance or alternative writ of mandamus. Appellant sought to compel respondents-appellees, city of Brook Park, Ohio ("Brook Park"), its law director, its city council members, and its clerk of council (collectively "the Brook Park appellees") to pass an ordinance providing for the submission to the Cuyahoga County Board of Elections ("BOE") of proposed amendments to the City of Brook Park Charter, Sections 3.01, 4.01, 4.03, 8.01, and 8.02. Appellant further sought to compel the clerk of council to certify the sufficiency and validity of the initiative petition to the BOE, to compel Brook Park to give notice of the election on the proposed amendments, and to compel the BOE to place the proposed amendments on the ballot for the November 6, 2012 election.[1]

---

[1] The Brook Park appellees as well as the chairman, members, and directors of the Cuyahoga County Board of Elections ("the BOE appellees") were named as respondents in the complaint.

{¶3} Appellant is a taxpayer and member of the Brook Park Charter Amendment Committee who circulated three initiative petitions that proposed amendments to the Brook Park Charter. The second and third initiative petitions were found valid, and the proposed charter amendments set forth therein have been placed on the ballot for the general election of November 6, 2012. However, the first initiative petition, which is at issue in this matter, was found to have fatal defects and did not proceed to the ballot.

{¶4} The first initiative petition (hereafter "the initiative petition"), which contained numerous part petitions, proposed amendments to the Brook Park Charter, Sections 3.01, 4.01, 4.03, 8.01, and 8.02. A certified copy of the initiative petition was filed with Brook Park's clerk of council on August 14, 2012. After the initiative petition was filed with the clerk of council and held ten days for public inspection, the clerk of council submitted the initiative petition to the BOE to determine the number of valid signatures. The BOE found a sufficient number of valid signatures and returned the petition to the clerk of council on August 30, 2012.

{¶5} The initiative petition was placed on the agenda for the September 4, 2012 city council caucus meeting. At that meeting, the law director distributed a memorandum in which he advised city council that the first initiative petition contained fatal defects because it did not comply with the requirement of R.C. 731.31 that "each part of any initiative petition shall contain a full and correct copy of the title and text of the proposed ordinance or other measure." Therefore, he expressed that the first initiative petition was invalid and that city council was not required to submit the

proposed amendments to the voters. Ultimately, the first initiative petition was not placed on the agenda for the regular city council meeting on September 4, 2012, and no further action was taken on this petition.

{¶6} Upon the filing of appellant's verified complaint on September 7, 2012, the trial court issued an order to the BOE instructing it to accept the order either as the filing of the resolution and initiative petition or as an extension of the filing deadline until September 18, 2012, pending a final determination by the court of the sufficiency of the initiative petition. After the matter was submitted on briefs by the parties, the trial court issued a decision on September 18, 2012. The trial court found no basis for granting mandamus and dismissed the action. The court found in pertinent part:

> The entire decision in this case centers upon a determination whether the Petition complies with the requirements of ORC 731.31. That section, in part, requires that, "each part of any initiative petition shall contain a full and correct copy of the title and text of the proposed ordinance or other measure." * * *.

The Petition very clearly marks, underlines, and crosses out all the proposed changes in certain sections of the Charter provisions at issue. It does not, however, contain the entire text of the sections to be amended. The three asterisks placed under the sections of the proposed changes, are presumably there to show that there is more language contained in that Charter section. That is the fatal defect in the Petition. Even though the language that has been omitted is not part of the proposed change, and has no real impact on the issues to be presented for amendment, it is missing

and the cases on this issue make it clear that the language of ORC 731.31 is provided to insure that those voting on this have the entire section before them for review and to avoid any confusion or misunderstanding. * * *.

{¶7} Appellant filed this appeal, raising two assignments of error for our review. Under his first assignment of error, appellant claims the Brook Park appellees acted improperly in determining the initiative petition was invalid. Appellant further claims that the initiative petition complied with R.C. 731.31 because the omitted portions of the charter sections did not contain the proposed changes and there is no indication from the record that voters would be confused or misled by the language in the petition.

{¶8} City council's constitutional authority to review the sufficiency of initiative petitions is limited to matters of form, not substance, and council cannot inquire into questions not apparent on the face of the petitions themselves or which require the aid of witnesses to determine. *Morris v. City Council of Macedonia*, 71 Ohio St.3d 52, 56, 641 N.E.2d 1075 (1994). City council is not required to submit a proposed charter amendment to the electorate unless it is satisfied with the sufficiency of the initiative petition and that all statutory requirements are fairly met. *State ex rel. Becker v. Eastlake*, 93 Ohio St.3d 502, 506, 756 N.E.2d 1228 (2001).

{¶9} In this case, the initiative petition was found invalid because it did not comply with R.C. 731.31, which requires any initiative or referendum petition contain a "full and correct copy of the title and text of the proposed ordinance or other measure[.]" While the law director advised city council of fatal defects, it was apparent from the face of the

initiative petition that the entire text of the subject charter sections was not included. Therefore, city council did not act improperly in determining the sufficiency of the petition.

{¶10} Generally, the election statutes, including R.C. 731.31, are mandatory and require strict compliance unless they expressly allow substantial compliance. *Stutzman v. Madison Cty. Bd. of Elections*, 93 Ohio St.3d 511, 514, 2001-Ohio-1624, 757 N.E.2d 297. The "full and correct copy of the title and text" requirement of R.C. 731.31 applies to charter-amendment petitions. *State ex rel. Hackworth v. Hughes*, 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 32. The reason for this requirement is to ensure that the issue is fairly and substantially presented to the electors and to avoid misleading electors. *Stutzman* at 515. Thus, it is generally required that an initiative petition contain a full and correct copy of the title and text of the proposed ordinance in order to satisfy these objectives. *Hackworth* at ¶ 33; *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections*, 72 Ohio St.3d 289, 292, 649 N.E.2d 1205 (1995).

{¶11} Nonetheless, the Ohio Supreme Court has recognized that courts must avoid unduly technical interpretations that impede public policy in election cases. *Stutzman* at 514. In *Stutzman*, the court found a slight misstatement in the acreage listed in an ordinance was not grounds for invalidating a referendum petition because such a de minimis error did not mislead the electors. *Id*. at 515.

{¶12} Unlike *Stutzman*, this case did not involve a slight misstatement, rather, entire portions of the subject charter sections were omitted. The initiative petition only

contained the subsections in which the amended language appeared. While Section 4.01 of the Brook Park Charter was titled "Composition and Term," no language was included in the petition as to the term of office for members of city council, which is set forth in subsection (b) of the provision. Further, with regard to Section 4.03, "Organization of Council," only three of the five subsections were set forth.

{¶13} We recognize that the proposed amendments dealt with the composition and structure of city council, and arguably, city council acted in its own self-interest. Despite finding the initiative petition was facially infirm, the Brook Park appellees did not raise the issue with appellant at the time the initiative petition was filed or during the ten days that it was held for public comment. However, we are not aware of any such duty on the part of respondents and this may not have mattered given the impending time limitations for the upcoming election. We further recognize that appellant was responsible for complying with the statutory requirements and that he did not file the initiative petition until mid-August. In the end, city council had no duty to submit the proposed charter amendments to the electorate unless all statutory requirements were met. *See State ex rel. Hackworth,* 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050*,* at ¶ 31.

{¶14} We must reiterate that this is a mandamus action. To be entitled to the extraordinary relief in mandamus, appellant has the burden to demonstrate a clear legal right to relief. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections*, Slip Opinion No. 2012-Ohio-4267, ¶ 27. When the legal right is doubtful,

mandamus may not rightfully issue. *State ex rel. Gerspacher v. Coffinberry*, 157 Ohio St. 32, 37, 104 N.E.2d 1 (1952). Because appellant's right to relief is less than clear, the trial court properly denied the writ.

{¶15} Upon our review, we decline to compel the Brook Park appellees to pass an ordinance and certify the initiative petition to the board of elections. We do not believe mandamus should issue to require the BOE appellees to print and mail new ballots, including to voters overseas, and to alter its existing election structure. *See State ex rel. Friedlander v. Myers*, 128 Ohio St. 568, 569, 192 N.E. 737 (1934) (refusing to issue a writ of mandamus where election ballots had been printed and absentee voting had already commenced). Nor are we inclined to order a special election at a later date. Early voting is under way, with over 1,647 ballots already having been cast. We find such costly procedures do not warrant extraordinary relief in this matter.

{¶16} We overrule appellant's two assignments of error.

{¶17} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR