O’Neill, J.,
concurring in judgment only.
{¶ 15} I concur in judgment only. I would also deny the request for a writ of prohibition, but I would do so for a different reason.
{¶ 16} I agree that respondents, the Hamilton County Board of Elections and its members, did their job, but I write separately to state my view that the writ should be denied based on the merits of the claim made by relator, David B. Duelos. The question presented is significant. This court should determine what material a candidate for sheriff must file with a board of elections, and in turn disclose to the public, in support of his or her qualifications for the ballot. To *257 dismiss on the issue of laches does a disservice to the legal concept. There was no unreasonable delay by this relator.
Lisa Rabanus, for relator.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and David T. Stevenson and Cooper D. Bowen, Assistant Prosecuting Attorneys, for respondents.
{¶ 17} Gary W. Lee, the candidate for sheriff, filed his petition to be placed on the ballot on December 1, 2015. That was 61 days before the ballots needed to be mailed under the Uniformed and Overseas Citizens Absentee Voting Act. No one on the face of the earth, including relator, could have known of the alleged defect in the petition prior to that date. Indeed, there was nothing to file in a court until the board of elections had reviewed the petition. Relator took all of two weeks after the petition was certified, from December 21, 2015, to January 4, 2016, to sound the alarm to the board of elections through a written protest. The board conducted a hearing one week later on January 11, 2016. Eight days after a final decision from the board, relator filed a complaint in this court. That is not sitting on one’s rights for purposes of laches. See State ex rel. Hackworth v. Hughes, 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 27 (petition for writ that was filed in this court three days after city council failed to place charter amendment on ballot not barred by laches). Relator took advantage of an alternative legal remedy available within the administrative structure of the board of elections. Now this court finds that doing so was unreasonable and prejudiced respondents.
{¶ 18} We can and should absolutely deny this petition on the merits. Lee strictly complied with the plain language of R.C. 311.01(B)(6) by “notifying] the board of elections * * * of the judge’s findings” and with the plain language of R.C. 311.01(B)(7). Lee simply did not need to provide every bit of paperwork reviewed by Judge Winkler to the board of elections. The judge’s findings were sufficient, and the board of elections and its members complied with their legal duties. In light of this court’s preference for resolving cases on their merits, Hackworth at ¶ 26, rather than on procedural minutiae, we should give boards of elections a real answer to a real question.
{¶ 19} I would deny the writ on its merits and not on laches. This time line is not a precedent anyone would want to follow.
*258 Charles M. Miller, in support of respondents for amicus curiae, Gary Lee.