THE STATE, EX REL. BARGAHISER, *v.* BOARD OF ELECTIONS
OF RICHLAND COUNTY ET AL.
THE STATE, EX REL. BLOOR, *v.* BOARD OF ELECTIONS OF
RICHLAND COUNTY ET AL.

(Nos. 68-232 and 68-233—Decided May 1, 1968.)

*Messrs. McNamara & McNamara, Mr. Keith Mc-
Namara, Messrs. Gongwer, Murray, Brown & Bemiller*
and *Mr. George J. Murray,* for relators.

*Mr. Rex Larson,* prosecuting attorney, and *Mr. Wil-
liam F. McKee,* for respondents.

*Per Curiam.* These are actions in mandamus originat-
ing in this court. Relators seek to compel the respondent
board of elections to place their names on the ballot as
candidates for the office of member of the Republican Coun-
ty Central Committee at an election to be held on May
7, 1968. The respondent board of elections found certain
part-petitions of the relators to be invalid and refused to
certify relators' names as candidates for office and refused
to order their names printed on the ballot.

Respondents filed demurrers to the petitions in man-
damus on the ground of laches. The demurrers are well
taken. No later than February 17, 1968 (the final date for
protests), both relators knew of respondents' refusal to
certify their candidacies. On February 22, 1968, the official
forms of the ballot were certified by the board of elections.
Instead of promptly seeking the judicial relief to which
they claim to be entitled, relators delayed until April 15,
1968, before bringing any action in any court, at which
time relators brought the instant actions in this court.

130

Having unjustifiably delayed seeking judicial review of their claims until three weeks before the primary election, relators' laches are fatal to their causes. *State, ex rel. Friedlander,* v. *Myers* (1934), 128 Ohio St. 568, 192 N. E. 737; 35 Ohio Jurisprudence 2d 289, Section 40.

*Writs denied.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.