THE STATE, EX REL. BENTON, APPELLANT, *v.* COLUMBUS & SOUTHERN OHIO ELECTRIC CO. ET AL., APPELLEES.
BENTON, APPELLANT, *v.* COLUMBUS & SOUTHERN OHIO ELECTRIC CO. ET AL., APPELLEES.

(Nos. 41262 and 41263—Decided May 8, 1968.)

*Mr. John S. Mitchell,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. James A. McLaughlin,* for appellee Industrial Commission of Ohio.

*Messrs. Porter, Stanley, Treffinger & Platt* and *Mr. James J. Hughes, Jr.,* for appellee, Columbus & Southern Ohio Electric Company.

SCHNEIDER, J. Section 4123.519, Revised Code, provides in part:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than

a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted. . . ."

Mandamus cannot be used as a substitute for an appeal. *State, ex rel. Pressley,* v. *Indus. Comm.,* 11 Ohio St. 2d 141; *State, ex rel. Sibarco Corp.,* v. *Berea,* 7 Ohio St. 2d 85; and Section 2731.05, Revised Code. Therefore, it is not the proper remedy in the instant case. *State, ex rel. Latino,* v. *Indus. Comm.,* 13 Ohio St. 2d 103.

There being available to the relator a plain and adequate remedy in the ordinary course of the law, the Court of Appeals correctly denied the writ of mandamus.

We allow, however, the motion to certify the record in the companion case, *Benton* v. *Columbus & Southern Ohio Electric Co.* (No. 41263) and proceed to consider it on the merits.

The question presented by this appeal is whether a claimant may receive partial disability compensation under division (C) of Section 4123.57, Revised Code, in addition to compensation for permanent total disability under Section 4123.58, Revised Code, for the same injury. We hold that the latter statute provides the maximum disability benefits allowable for any one injury. To be sure, an award thereunder does not affect prior payments for temporary total benefits for the same injury pursuant to Section 4123.56, Revised Code, nor does a finding of total disability, either permanent or temporary, suspend an award made under Section 4123.57 (B) or (C) for a prior injury wholly unrelated in time, character and effect. *State, ex rel. Latino,* v. *Indus. Comm., supra,* and *State ex rel. Dudley,* v. *Indus. Comm.,* 135 Ohio St. 121.

Section 4123.58, Revised Code, provides in part:

*"The loss of both hands,* or both arms, or both feet or both legs, or both eyes, or any two thereof, *constitutes total and permanent disability, to be compensated according to this section."* (Emphasis supplied.)

Section 4123.57 (C), Revised Code, does not provide for the simultaneous loss of hands but fixes compensation

"for the loss of a hand." Appellant cannot receive concurrent compensation for twice the amount of compensation permitted under Section 4123.57 (C), Revised Code, in addition to the benefits provided by Section 4123.58, Revised Code.

Appellant relies on our recent decision in *State, ex rel. Latino,* v. *Indus. Comm., supra,* where we held:

"An injured workman who obtained an award for permanent partial disability under division (B) of Section 4123.57, Revised Code, prior to its amendment, effective October 1, 1963, was immediately entitled to the regular payment of such award, even though subsequent to that injury he had been awarded and was receiving compensation for permanent total disability due to silicosis."

In *Latino,* the claimant sustained a 20% partial disability due to a fall. Thereafter, he was awarded permanent total disability benefits due to silicosis. His subsequent permanent total disability due to silicosis could not deprive him of his right to compensation for his initial injury. We said that Section 4123.58, Revised Code, was not ". . . an absolute limit to *accumulated awards."* (Emphasis supplied.)

Appellant never was partially injured under the statute. He became temporarily totally disabled, and after his bilateral amputation he became permanently and totally disabled. He, therefore, never came within the purview of Section 4123.57, Revised Code.

This obviously unjust result, whereby a claimant's award is measured by the fortuity of the events contributing to his disability, is compelled by the unperceptiveness of the controlling legislation.

Accordingly, the judgments of the Court of Appeals are affirmed.

*Judgments affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.