18

The State, ex rel. Martin, Appelant, *v.* Industrial Commission of Ohio, Appellee, et al.

[Cite as State, ex rel. Martin, v. Indus. Comm. (1978), 55 Ohio St. 2d 18.]

(No. 77-1307—Decided July 5, 1978.)

*Messrs. E. S. Gallon & Associates* and *Mr. John A. Cervay*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. John F. Livorno* for appellee.

*Per Curiam.* The issue to be resolved in this cause is whether a claimant is entitled to previously awarded partial disability benefits under R. C. 4123.57(C), in addition to subsequently awarded permanent total disability benefits under R. C. 4123.58 for the same injury.

If this claimant had been injured on or after November 16, 1973, there is no question that he would be entitled to receive compensation under both R. C. 4123.57(C) and 4123.58. (See the amendment to R. C. 4123.58 in 135 Ohio Laws 1706 providing that compensation payable under R. C. 4123.58 for permanent total disability shall be in addition to benefits payable under R. C. 4123.57.)

However, at the time of relator's injury, the applicable law as set forth by this court in paragraphs two and three of the syllabus in *State, ex rel. Benton,* v. *C. & So. O. Elec. Co.* (1968), 14 Ohio St. 2d 130, provided that:

"A claimant cannot receive partial disability compensation under division (C) of Section 4123.57, Revised Code, in addition to compensation for permanent total disability under Section 4123.58, Revised Code, for the same injury.

"Where an employee suffers an injury resulting in the bilateral amputation of both hands, he is entitled to permanent total disability benefits under Section 4123.58, Revised Code, and such award precludes a further award

20

for partial disability benefits under Section 4123.57, Revised Code, for the same injury."

The question arises whether the holding in *Benton* determines the outcome in the instant cause. In *Benton*, the claimant sustained servere burns to both of his hands, requiring bilateral amputation. Having been awarded permanent total disability benefits under R. C. 4123.58, claimant then attempted to receive further compensation under R. C. 4123.57(C) providing permanent partial disability benefits for the loss of a hand.

In denying compensation to the claimant the *Benton* court cited R. C. 4123.58 which provided at that time:

"The loss of both hands, or both arms, or both feet or both legs, or both eyes, or any two thereof, constitutes total and permanent disability, to be compensated according to this section." The court placed great stress on the phrase "to be compensated according to this section," and held that R. C. 4123.58 provided the maximum disability benefits allowable for the simultaneous loss of one's hands as a result of an injury. *Benton*, at page 132.

In comparison, the court noted that R. C. 4123.57(C) did not provide for the simultaneous loss of hands, but rather fixed compensation for the loss of one hand only. Thus, the court concluded, at page 133, that claimant could not receive "* * * concurrent compensation for twice the amount of compensation permitted under Section 4123.57 (C), Revised Code, in addition to the benefits provided by Section 4123.58, Revised Code."

This holding does not affect the outcome in the instant cause. Here, claimant sustained an injury which resulted in the necessity of amputating his left leg above the knee. It is unquestioned that such injury was compensable under R. C. 4123.57(C) and that, therefore, claimant was entitled to receive 66 2/3 percent of his weekly salary, within certain limits, for a total of 200 weeks. Nowhere in the body of the *Benton* opinion is it specifically held that an employee cannot receive concurrent compensation for an injury under R. C. 4123.57(C) and 4123.58 where he otherwise qualifies.

In *Benton*, the claimant contended that he was entitled

to concurrent compensation on the basis of *State, ex rel. Latino,* v. *Indus. Comm.* (1968), 13 Ohio St. 2d 103. In *Latino,* this court confronted the issue of whether a claimant, who had been awarded permanent partial disability benefits under R. C. 4123.57(B) resulting from a fall on the job, could receive such benefits where, shortly after his injury, he was awarded and was receiving permanent total disability benefits due to silicosis.

In upholding both claims, the *Latino* court held that, insofar as permanent total disability benefits compensate a worker for his loss of earning capacity and partial disability benefits under R. C. 4123.57(B) and (C) compensate a worker for his injury regardless of the impairment of his earning capacity, such awards may be received concurrently.

The *Benton* court distinguished the *Latino* case, not on the basis that in *Benton* the claimant sought compensation for the same injury, but because, unlike *Latino,* the claimant became temporarily totally disabled, and subsequently suffered the loss of his hands, thus never coming within the purview of R. C. 4123.57. *Benton, supra,* at page 133.

This court is aware of the broad language found in paragraph two of the syllabus of *Benton* which, when read alone, supports the proposition that a claimant cannot receive compensation under both R. C. 4123.57(C) and 4123.58. However, that paragraph must be read in conjunction with the entire syllabus and supporting facts of the case. When read in this context, it is clear that the *Benton* holding does not prevent claimant in this cause from receiving his previously awarded benefits under R. C. 4123.57(C).

The judgment of the Court of Appeals is, therefore, reversed, and the writ prayed for is allowed.

*Judgment reversed and writ allowed.*

CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

O'NEILL, C. J., and HERBERT, J., concur in the judgment.