THE STATE, EX REL. DOUGHTY, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State, ex rel. Doughty, v. Indus.
Comm.* (1991), 61 Ohio St.3d 736.]

(No. 90–889—Submitted July 17, 1991—Decided September 11, 1991.)

*R.E. Goforth Co., L.P.A.,* and *James P. Proctor,* for appellant.

*Lee I. Fisher,* Attorney General, *Dennis L. Hufstader* and *Michael L. Squillace,* for appellee.

_____

HERBERT R. BROWN, J.   This case presents the sole issue of whether Doughty may receive compensation under former R.C. 4123.57(C) for the amputation of

his left leg in addition to permanent total disability (PTD) compensation under R.C. 4123.58. For the reasons which follow we hold that he may.

R.C. 4123.57 and 4123.58 are at issue. Neither statute, as it existed when Doughty was injured, expressly authorized or prohibited an R.C. 4123.57(C) award to one who had previously been declared PTD under R.C. 4123.58.[1]

R.C. 4123.57 governs permanent partial disability compensation. Former R.C. 4123.57(C) is limited to those who have lost the use of a body part through amputation or other means. Claimants under former division (C) need not prove actual disability because the statute presumes that loss of a particular member automatically disables a claimant to a specified degree.

R.C. 4123.58 controls permanent total disability compensation. Although it was amended in 1973 to permit concurrent payment of R.C. 4123.57(C) permanent partial and R.C. 4123.58 PTD benefits in certain situations (135 Ohio Laws, Part I, 1706), it does not affect Doughty because he was injured prior to the amendment.

The Industrial Commission denied Doughty's claim for permanent partial disability compensation stating that Doughty was "not eligible to receive partial compensation under Ohio Revised Code 4123.57(C) in addition to Permanent Total Disability Compensation for the *same injury.*" (Emphasis added.) The commission directs our attention to *State, ex rel. Benton, v. Columbus & Southern Ohio Electric Co.* (1968), 14 Ohio St.2d 130, 43 O.O.2d 238, 237 N.E.2d 134. In *Benton,* we held that "[a] claimant cannot receive partial disability compensation under division (C) of Section 4123.57, Revised Code, in addition to compensation for permanent total disability under Section 4123.58, Revised Code, for the same injury." *Id.* at paragraph two of the syllabus.

We find that the commission's reliance on *Benton* is misplaced.

In *Benton,* the claimant, who had previously received PTD compensation for the amputation of both his hands, sought partial disability compensation for the loss of each individual hand with no subsequent change in his condition. *Id.* at 131, 133, 43 O.O.2d at 239, 240, 237 N.E.2d at 135, 136. We denied his claim for partial disability relying in part on former R.C. 4123.58 which provided: " 'The loss of both hands * * * constitutes total and permanent disability, to be compensated according to this section.' " *Id.* at 132, 43 O.O.2d at 240, 237 N.E.2d at 136.

---

1. Former R.C. 4123.57(C) as it existed in 1969 (132 Ohio Laws, Part I, 1415–1417) is relevant to this case because that is the date of Doughty's injury. The provisions of former R.C. 4123.57(C) are now substantially contained in R.C. 4123.57(B).

Doughty was originally injured in 1969. Although the record does not disclose how Doughty was injured, it does show that Doughty's condition worsened and that he was awarded permanent total disability for his *right leg* condition in February 1982. Doughty did not begin to have problems with his *left leg* until after the PTD award for his right leg condition. His left leg continued to deteriorate, and eventually required amputation. Again the record does not disclose the date of Doughty's left leg amputation, but he did not file a claim for compensation for the amputation until April 1987. It is compensation for the loss of his left leg, occurring well after his PTD award for his right leg condition, that Doughty now seeks.

The record in this case does not provide enough information for us to know the relationship between Doughty's right and left leg conditions. However, we find that such a conclusion is unnecessary. Although both leg conditions stem from the same industrial áccident, "traumatic thrombophlebitis, right leg" (for which Doughty was declared PTD) is a condition distinctly different in character from the amputation of his left leg. To deny Doughty permanent partial disability compensation under former R.C. 4123.57(C) would be to leave him uncompensated for his left leg amputation which arose and occurred after his PTD award. Such a result defeats the goal of workers' compensation to compensate claimants for their injuries.

*Benton, supra,* can be factually distinguished on the grounds that the appellant, here, has suffered a subsequent uncompensated change in his condition. However, to the extent that *Benton* can be read as inconsistent with the present case and the fairly well-settled law from which our opinion today derives, *Benton* is overruled.

Present case law supports an award of permanent partial disability under former R.C. 4123.57(C) concurrently with an award of permanent total disability under R.C. 4123.58. We have said that compensation for loss of a body part, or its use, under former R.C. 4123.57(C) bears a closer resemblance to damages than it does to compensation for impaired earning capacity or loss of employment. *State, ex rel. General Motors Corp., v. Indus. Comm.* (1975), 42 Ohio St.2d 278, 282, 71 O.O.2d 255, 257, 328 N.E.2d 387, 389; *Fleischman v. Flowers* (1971), 25 Ohio St.2d 131, 134, 54 O.O.2d 265, 266, 267 N.E.2d 318, 320; *State, ex rel. Latino, v. Indus. Comm.* (1968), 13 Ohio St.2d 103, 106–107, 42 O.O.2d 324, 326, 234 N.E.2d 912, 914; *State, ex rel. Dudley, v. Indus. Comm.* (1939), 135 Ohio St. 121, 125, 13 O.O. 510, 512, 19 N.E.2d 895, 897. The schedule set forth in former R.C. 4123.57(C) specifies the amount for which a claimant may be compensated for the loss of a particular body part while an award for permanent total disability under R.C. 4123.58 is aimed at compensating impaired earning capacity. *General Motors, supra.*

Accordingly, we hold that Doughty may receive the statutorily prescribed amount of compensation for the amputation of his left leg pursuant to former R.C. 4123.57(C) in addition to PTD compensation under R.C. 4123.58 for his right leg condition.

We reverse the judgment of the court of appeals and order that a writ of mandamus be issued, directing the Industrial Commission to grant appellant partial disability compensation.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

HOLMES, J., concurs separately.

HOLMES, J., concurring. I concur in this opinion in that I agree with the statement that compensation for the loss of a body part, or of its use, bears a closer resemblance to damages than it does to compensation for impaired earning capacity or loss of employment. The schedule contained in former R.C. 4123.57(C) specifies the amounts for the loss of body parts, in this case, two hundred weeks for loss of a leg.

I have previously taken the position in dissent that a claimant receiving permanent total disability compensation may not receive permanent partial disability compensation for a later incurred back injury. *State, ex rel. Consolidation Coal, v. Indus. Comm.* (1980), 62 Ohio St.2d 147, 150, 16 O.O.3d 166, 168, 404 N.E.2d 141, 143–144 (Holmes, J., dissenting). However, it appears reasonable that this claimant's prior permanent total disability award emanating from injuries to the right leg should not prohibit an award for the loss of his left leg.