[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 423.]

THE STATE EX REL. ROBINSON, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Robinson v. Indus. Comm.*, 2002-Ohio-6648.]

*Workers' compensation—Claimant awarded permanent total disability compensation by Industrial Commission—Claimant's subsequent motion for scheduled loss compensation under R.C. 4123.57(B) denied by commission—Mandamus sought to compel Industrial Commission to vacate its order denying compensation and to issue an order on the merits—Writ denied by court of appeals—Court of appeals' judgment reversed—State ex rel. Benton v. Columbus & S. Ohio Elec. Co. overruled and writ of mandamus granted ordering commission to grant claimant's application for scheduled loss benefits.*

(No. 2001-2199—Submitted September 17, 2002—Decided December 13, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 01AP-13.

———————————

**Per Curiam.**

{¶1} Appellant-claimant, Eugene B. Robinson, industrially injured his back and legs in 1969 while working for Chrysler Corporation, n.k.a. DaimlerChrysler Corporation. In 1999, he was awarded permanent total disability compensation ("PTD") effective December 31, 1997. He subsequently moved for scheduled loss compensation under R.C. 4123.57(B) for the loss of use of his legs.

{¶2} Appellee Industrial Commission of Ohio denied the motion. It found that because claimant's diminished use of his legs had factored into his award of PTD, claimant was seeking additional compensation for the same condition, which was prohibited to claimants hurt before 1973. See *State ex rel. Benton v. Columbus & S. Ohio Elec. Co.* (1968), 14 Ohio St.2d 130, 43 O.O.2d 238, 237 N.E.2d 134.

Claimant then turned to the Court of Appeals for Franklin County, requesting a writ of mandamus ordering the commission to vacate its order denying compensation and to issue an order on the merits. The court commented that reconciling previous Supreme Court cases on the issue was difficult and that "without clearer guidance from our State Supreme Court," it was compelled to uphold the commission's order. The requested writ was thus denied and claimant now appeals to this court as of right.

{¶3} On authority of *State ex rel. Miller v. Indus. Comm*., 97 Ohio St.3d 418, 2002-Ohio-6664, 780 N.E.2d 268, the judgment of the court of appeals is reversed, and a writ of mandamus is issued ordering the commission to vacate its order denying compensation and to issue an order on the merits.

Judgment reversed
and writ allowed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Ben Sheerer, for appellant.

Buckingham, Doolittle & Burroughs, L.L.P., George H. Rosin and Ashley M. Stouffer, for appellee DaimlerChrysler Corporation.

Betty D. Montgomery, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for appellee Industrial Commission.

_____