DECISION
{¶ 1} Relator, Bruce A. Bennett, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, the Industrial Commission of Ohio ("commission"), to vacate its order denying relator's application to reinstate temporary total disability ("TTD") compensation, which had been terminated on the grounds relator had been granted statutory permanent total disability ("statutory PTD") compensation, *Page 2 
pursuant to R.C. 4123.58(C), and to order the commission to find he is entitled to have said TTD compensation reinstated.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant relator's request for a writ of mandamus to direct the commission to issue an order reinstating relator's TTD compensation, and to pay said compensation through June 1, 2007, when relator returned to work. (Attached as Appendix A.)
 {¶ 3} The commission has filed objections to the magistrate's decision. Those objections include the commission's contention that the magistrate erred in focusing solely upon the grounds for terminating TTD as contained within R.C. 4123.56, and in deciding that relator is not precluded from receiving concurrent awards of TTD and statutory PTD.
 {¶ 4} In determining that the commission improperly terminated relator's TTD compensation, the magistrate found that none of the four grounds for denying TTD under R.C. 4123.56 had been met. See, e.g.,State ex rel. Schirtzinger v. Mihm (1998), 81 Ohio St.3d 459, 461
(noting the four criteria for denying TTD compensation: "[1] actual return to work; [2] medical ability to return to the former position of employment; [3] refusal of suitable, alternate employment; and [4] permanency/maximum medical improvement"). The magistrate concluded that, because the granting of statutory PTD compensation is not a recognized reason for terminating TTD compensation, the commission abused its discretion in terminating TTD at the time relator was awarded statutory PTD. *Page 3 
 {¶ 5} The parties focus much of their briefing on the issue of whether TTD and statutory PTD benefits are payable concurrently and, in a related context, whether TTD and statutory PTD serve the same or different goals. Specifically, the commission argues that TTD and statutory PTD both have the same goal of providing compensation for a loss of earnings. In contrast, relator argues that statutory PTD is granted, not because of a claimant's inability to earn wages, but, rather, because of the loss of use of a limb (or limbs). In this respect, relator equates an award of statutory PTD with permanent partial disability compensation under R.C. 4123.57, which the Ohio Supreme Court has described as "akin to a damages award." See State exrel. Advantage Tank Lines v. Indus. Comm., 107 Ohio St.3d 16,2005-Ohio-5829, at ¶ 9.[1]
 {¶ 6} Two forms of PTD compensation are contained in R.C. 4123.58, namely (1) "vocational PTD, where the allowed conditions either alone or with nonmedical disability factors render the claimant unable to do sustained remunerative work," and (2) "statutory PTD, in which a claimant is deemed permanently and totally disabled — irrespective of the claimant's ability to work — due to the loss of two enumerated body parts." Miller, at ¶ 8. Statutory PTD, at issue in the instant case, is set forth under R.C. 4123.58(C), and that section provides for such award when "[t]he claimant has lost, or lost the use of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof[.]"
 {¶ 7} Upon review of the facts of the instant case, we find no abuse of discretion by the commission in terminating TTD compensation at the time relator began receiving *Page 4 
statutory PTD benefits. The record indicates that relator was injured on January 27, 2004, and a claim was initially allowed for sprain of left knee and leg, with an additional allowance made in December 2004 for complication due to joint prosthesis (left). Relator received TTD compensation following his injury, and he returned to work for a brief period of time. By the staff hearing officer's ("SHO") order dated February 3, 2005, relator was granted payment of TTD "from 2/3/04 to 4/14/04, inclusive, then from 5/4/04 to 5/29/04, inclusive, (claimant returned to work for a different employer from 5/30/04 to 6/22/04) and then from 6/22/04 to 9/26/04 inclusive, and continuing."
 {¶ 8} In November of 2005, relator underwent surgery for the amputation of his left leg above the knee. By order dated January 19, 2006, an additional allowance was made for amputation above the knee, and relator was granted permanent partial disability compensation under R.C. 4123.57 for a period of 200 weeks, beginning November 3, 2005.
 {¶ 9} On November 14, 2005, relator filed a request for statutory PTD. Relator was awarded statutory PTD in May 2006, but had not yet returned to work following the amputation. According to an SHO report, at the time relator was granted statutory PTD, "the claimant's temporary total compensation was terminated by the Administrator and the claimant began to receive permanent total disability benefits." Thus, relator's TTD compensation was terminated on May 1, 2006, and relator was awarded statutory PTD beginning on May 2, 2006. On August 9, 2006, relator filed a motion requesting reinstatement of TTD. By order dated March 6, 2007, the commission denied relator's request for TTD from May 2, 2006 through February 2, 2007. Relator apparently returned to work in June 2007. *Page 5 
 {¶ 10} In general, temporary total benefits are paid until stabilization (i.e., maximum medical improvement) of the allowed condition, at which time the condition is permanent and a claimant can seek compensation for types of permanent disability. State ex rel.Matlack v. Indus. Comm. (1991), 73 Ohio App.3d 648, 655.
 {¶ 11} Relator notes that, prior to his return to work in June 2007, there had been no medical determination he had reached maximum medical improvement. However, the amputation of relator's leg above the knee effectively rendered the previous allowed conditions (knee sprain, complications due to joint prosthesis) no longer capable of improvement, i.e., permanent. Further, for purposes of the statutory PTD award, because of the loss of two of the enumerated body parts, relator was deemed permanently and totally disabled at the time of that award.Miller, at ¶ 8. See, also, State ex rel Kincaid v. Allen Refractories,Co., 114 Ohio St.3d 129, 2007-Ohio-3758, at ¶ 16 ("[i]mplicit" in the award of statutory PTD "is that the loss is permanent").
 {¶ 12} We note that the facts of this case do not involve, as alluded to by the magistrate, a scenario in which a claimant is awarded statutory PTD, returns to work, and then suffers an exacerbation of an allowed condition which renders the claimant temporarily unable to perform work. Under such circumstances, the payment of TTD compensation arguably might not be inconsistent with an award of statutory PTD compensation, and we make no determination whether a claimant is precluded from receiving concurrent awards of TTD and statutory PTD. However, based upon the particular facts of the instant case, we find no abuse of discretion by the commission in denying TTD compensation at the time of the award of statutory PTD. *Page 6 
 {¶ 13} Accordingly, the commission's objections are sustained to the extent provided above. Based upon this court's independent review of the record, we adopt the magistrate's findings of fact; however, for the reasons set forth in this decision, we do not adopt the conclusions of law and recommendation of the magistrate, and the requested writ of mandamus is denied.
Objections sustained; writ of mandamus denied.
KLATT and FRENCH, JJ., concur.
[1] The Ohio Supreme Court has arguably rejected such a comparison. See State ex rel. Doughty v. Indus. Comm. (1991), 61 Ohio St.3d 736, 739
(observing that an award for permanent total disability under R.C. 4123.58 "is aimed at compensating impaired earning capacity," whereas an award for permanent partial disability under R.C. 4123.57 "bears a closer resemblance to damages than it does to compensation for impaired earning capacity or loss of employment"). See, also, State ex rel.Miller v. Indus. Comm., 97 Ohio St.3d 418, 2002-Ohio-6664, at ¶ 12
(discussing differing goals of R.C. 4123.57[C] and statutory PTD). *Page 7 
 APPENDIX A MAGISTRATE'S DECISION {¶ 14} Relator, Bruce Bennett, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application to reinstate his temporary total disability ("TTD") compensation which had been terminated on grounds that relator had been granted statutory permanent total disability ("statutory PTD") *Page 8 
compensation pursuant to former R.C. 4123.58(C), and ordering the commission to find that he is entitled to have his TTD compensation reinstated.
Findings of Fact: {¶ 15} 1. On January 27, 2004, relator sustained a work-related injury to his left leg. Due to serious adverse consequences, relator's left leg was amputated above the knee in November 2005. Ultimately, relator's claim was allowed for the following conditions: "sprain of knee leg, left complication due to joint prosthesis left; amputation, left leg."
 {¶ 16} 2. Relator received TTD compensation following his injury. Although relator did return to work, he had intermittent periods where he was again unable to work and he received TTD compensation.
 {¶ 17} 3. Relator filed a motion for statutory PTD compensation in November 2005. At the time he filed this application, he was receiving TTD compensation.
 {¶ 18} 4. By commission order mailed April 21, 2006, relator was awarded statutory PTD compensation pursuant to former R.C. 4123.58(C). That order provides, in pertinent part:
 The Staff Hearing Officer grants the Motion for statutory permanent and total disability compensation filed 11/14/2005. Statutory permanent and total disability compensation is to be paid to the injured worker from the date of last payment of temporary total disability compensation in this claim. Such statutory permanent and total disability compensation is to be paid to the injured worker regardless of whether the injured worker ever returns to or has previously returned to engaging in any kind of work. In addition, payment of such compensation is to be made less the amount of payment of any compensation that would be found to be prohibited with the concurrent payment of *Page 9 
statutory permanent and total disability compensation over the above ordered payment period.
 The injured worker is statutorily permanently and totally disabled pursuant to O.R.C. 4123.58(C). The Staff Hearing Officer relies upon the report of Dr. Reister dated 11/03/2005. That report supports the conclusion that the injured worker has suffered the permanent and total loss of use of the left leg as a direct result of the allowed industrial injury.
 The Staff Hearing Officer also notes the Order of the District Hearing Officer in file dated 01/19/2006 that awards the injured worker compensation for the permanent and total loss of use of the left leg.
 Pursuant to the case of State, ex rel. Thomas v. Indus. Comm. (2002) 97 Ohio St.3d 37, and State ex rel. Internatl. Paper v. Trucinski, 106 Ohio St.3d 203, 2005-Ohio-4557 the loss of an entire extremity constitutes the loss of two or more members under O.R.C. 4123.58(C).
 {¶ 19} 5. At the time that the commission awarded relator statutory PTD compensation, he was receiving TTD compensation. Relator's TTD compensation was terminated as of May 1, 2006 by commission order.
 {¶ 20} 6. It is undisputed that relator had not returned to work, had not been released to return to his former position of employment, had not been offered work within his restrictions and his allowed conditions had not reached maximum medical improvement ("MMI").
 {¶ 21} 7. Thereafter, relator requested that his TTD compensation be reinstated beginning May 2, 2006 and continuing.
 {¶ 22} 8. The matter was heard before a district hearing officer ("DHO") on December 6, 2006, and resulted in an order finding that he was entitled to that compensation. The DHO relied upon the C-84s of Dr. John Riester. Concerning the payment of *Page 10 
statutory PTD compensation concurrently with TTD compensation, the DHO stated as follows:
 The Hearing Officer finds that based on the medical documentation in file from Dr. Riester, the fact that the Claimant is statutorily and permanently totally disabled and the Bureau of Workers' Compensation policy which indicates that the Claimant can receive temporary total compensation when he has been granted permanent and total disability status, the Hearing Officer finds that the Claimant is to be paid temporary total compensation from the date of last payment through 02/02/2007 inclusive and to continue upon submission of medical proof of disability for the allowed conditions in this claim.
 {¶ 23} 9. Respondent Northeastern of Ohio Contracting Comp. ("employer") appealed and the matter was heard before a staff hearing officer ("SHO") on March 5, 2007. The SHO vacated the prior DHO order and denied relator's request for TTD compensation as follows:
 The Staff Hearing Officer finds that there is no statutory authority authorizing the concurrent payment of statutory permanent total disability compensation pursuant to Ohio Revised Code 4123.58(C) and temporary total compensation pursuant to Ohio Revised [Code] 4123.56(A).
 Ohio Revised Code 4123.58(C) expressly states that a claimant receiving statutory permanent total disability compensation is also eligible to receive permanent partial disability benefits under Ohio Revised Code 4123.57(B). Ohio Revised Code 4123.58(C) makes no other provision for the concurrent payment of any benefit with statutory permanent total disability benefits. The rule of statutory construction "expressio unius est exclusio alteris" — the inclusion of one means the exclusion of the other — leads the Hearing Officer to conclude that the lack of statutory authorization for concurrent payment of these benefits bars the payment of such concurrent benefits. The claimant has not identified any statute, case law, administrative rule or other binding legal authority which would authorize the *Page 11 
concurrent payment of statutory permanent total disability benefits and temporary total compensation.
 {¶ 24} 10. Relator's appeal was refused by order of the commission mailed March 24, 2007.
 {¶ 25} 11. Relator returned to work on June 1, 2007.
 {¶ 26} 12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 27} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 28} For the reasons that follow, it is this magistrate's conclusion that this court should issue a writ of mandamus.
 {¶ 29} The question presented in this mandamus action is whether the commission properly terminated the TTD compensation being paid to relator based on *Page 12 
the finding that he had become eligible for statutory PTD compensation. Relator argues that there are only four grounds upon which the commission can terminate an award of TTD compensation and the granting of statutory PTD compensation is not one of them. The commission argues that relator cannot receive TTD compensation and statutory PTD compensation concurrently in the absence of statutory authority.
 {¶ 30} Relator is correct to argue that there are only four grounds upon which TTD compensation can be terminated. TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached MMI. See R.C. 4123.56(A); State ex rel. Ramirez v. Indus.Comm. (1982), 69 Ohio St.2d 630.
 {¶ 31} Eligibility for an award of statutory PTD compensation and the granting of that compensation does not constitute one of the reasons TTD compensation can be terminated.
 {¶ 32} In support of its argument, the commission argues that there are two examples in R.C. Chapter 4123. where the legislature specifically authorized concurrent payments of different types of compensation. R.C. 4123.57(C) authorizes the payment of permanent partial disability compensation under either section (A) or (B) with any compensation payable under R.C. 4123.56 (TTD compensation). Specifically, the statute *Page 13 
provides: "Compensation for partial impairment under divisions (A) and (B) of this section is in addition to the compensation paid the employee pursuant to section 4123.56 of the Revised Code. A claimant may receive compensation under divisions (A) and (B) of this section."
 {¶ 33} Also, former R.C. 4123.58(C) and current R.C. 4123.58(E) provide for concurrent payment of permanent partial disability and statutory PTD compensation. That statute provides as follows: "Compensation payable under this section for permanent total disability is in addition to benefits payable under division (B) of section 4123.57
of the Revised Code."
 {¶ 34} The commission argues that these are the only two times when concurrent payment of different types of compensation can be paid to a claimant. If the legislature would have intended for a claimant to receive TTD compensation and statutory PTD compensation concurrently, the legislature would have included that in the statute.
 {¶ 35} For the reasons that follow, this magistrate disagrees.
 {¶ 36} In the present case, there appears to be a conflict which needs to be resolved. The question is not whether relator could receive statutory PTD compensation, return to work, suffer an exacerbation of his injuries which render him temporarily unable to perform his job, and then receive an award of TTD compensation. The question is whether the commission abused its discretion when it terminated relator's TTD compensation. Because the granting of statutory PTD compensation is not a recognized reason for terminating TTD compensation pursuant to either statute or case law, the magistrate finds that the commission did abuse its discretion. *Page 14 
 {¶ 37} Based on the foregoing, it is this magistrate's conclusion that relator has demonstrated that the commission abused its discretion by terminating his TTD compensation based solely on the fact that the legislature did not specifically authorize the payment of same while he was receiving statutory PTD compensation and the commission should be ordered to reinstate relator's TTD compensation and pay same through June 1, 2007, when relator returned to work. *Page 1