THE STATE OF OHIO, APPELLANT, *v.* BROOM, APPELLEE.

[Cite as *State v. Broom*, 123 Ohio St.3d 114, 2009-Ohio-4778.]

*Criminal law — Alleged Brady violations — Failure to meet the requirements of R.C. 2953.23(A)(1) — Judgment reversed.*

(NO. 2009-1567 — Submitted September 11, 2009 — Decided September 11, 2009.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 91297, 2009-Ohio-3731.

_____

**Per Curiam.**

{¶ 1}  Appellee, Romell Broom, claims that at his trial for aggravated murder, evidence favorable to him was suppressed in violation of *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.  Having failed to raise this claim on his first petition for postconviction relief, he attempted to raise it in a successive petition.  The court of appeals held that Broom was entitled to do so.  We disagree and reverse.

{¶ 2}  Broom was convicted of the 1984 aggravated murder of 14-year-old Tryna Middleton, with kidnapping and rape specifications, and was sentenced to death.  The court of appeals affirmed Broom's convictions and death sentence, as did we.  *State v. Broom* (1988), 40 Ohio St.3d 277, 533 N.E.2d 682.

{¶ 3}  Broom filed his first postconviction-relief petition in 1990.  While that petition was pending in the trial court, Broom received 19 pages of East Cleveland Police Department reports in response to a public-records request pursuant to R.C. 149.43.  It is not clear precisely when Broom received these records, but it appears that he received them at least "a few months" before September 7, 1994.  In fact, his trial counsel later testified in federal court that he

received them in "1993-1994." See *Broom v. Mitchell* (C.A.6, 2006), 441 F.3d 392, 403, fn. 12. But Broom did not attempt to amend his postconviction petition to assert any *Brady* claim based on the 19 pages of police reports.

{¶ 4} On September 7, 1994, while Broom's first postconviction petition was pending in the trial court, we decided *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83. Paragraph six of the syllabus in *Steckman* holds: "A defendant in a criminal case who has exhausted the direct appeals of her or his conviction may not avail herself or himself of R.C. 149.43 to support a petition for postconviction relief."

{¶ 5} In 1996, the trial court finally ruled on Broom's first postconviction-relief petition, rejecting Broom's claims. The court of appeals affirmed. *State v. Broom* (May 7, 1998), 8th Dist. No. 72581, 1998 WL 230425. We declined to accept jurisdiction. *State v. Broom* (1998), 83 Ohio St.3d 1430, 699 N.E.2d 946.

{¶ 6} In 1999, Broom filed a federal habeas corpus petition in the United States District Court for the Northern District of Ohio. Here, for the first time, Broom asserted a *Brady* claim based on the East Cleveland police reports.[1] The district court denied Broom's habeas petition.

{¶ 7} In 2006, the Sixth Circuit affirmed the denial of habeas relief, holding that Broom had defaulted on the *Brady* issue by failing to raise it in his state postconviction proceeding. *Broom v. Mitchell,* 441 F.3d at 404. Broom argued that cause existed for the default: he could not assert the *Brady* claim in state postconviction litigation, he claimed, because *Steckman* did not allow him to use police reports obtained via R.C. 149.43 in the postconviction proceeding. But the Sixth Circuit rejected this argument because *Steckman* had not clearly held

---

1. During discovery in the federal habeas proceeding, Broom received additional pages of police reports containing alleged *Brady* material. However, during the federal proceedings, Broom "conceded * * * that the relevant information was present in the 19 pages" that he had originally received. *Broom v. Mitchell*, 441 F.3d at 404.

that a postconviction litigant was categorically forbidden to make any use of police reports obtained via R.C. 149.43 in the postconviction proceeding. Thus, Broom had a "reasonably available 'legal basis' " to assert his claim in state postconviction proceedings. *Broom v. Mitchell*, 441 F.3d at 404.

{¶ 8} In 2007, Broom filed a successive postconviction petition in the trial court. In this petition, Broom asserted his *Brady* claim for the first time in an Ohio court. The trial court dismissed the petition after concluding that it lacked jurisdiction over the petition under R.C. 2953.23(A)(1)(a). Adopting the analysis of the Sixth Circuit in *Broom v. Mitchell*, 441 F.3d 392, the trial court held that *Steckman* did not prevent a postconviction petitioner from using public records obtained before *Steckman* was decided.

{¶ 9} Broom appealed to the Court of Appeals for the Eighth District. While that appeal was pending, we granted the state's motion to set an execution date and scheduled Broom's execution for September 15, 2009. *State v. Broom,* 122 Ohio St.3d 1497, 2009-Ohio-4281, 912 N.E.2d 103.

{¶ 10} On July 30, 2009, the court of appeals reversed the trial court's decision dismissing the successive petition. *State v. Broom*, 8th Dist. No. 91297, 2009-Ohio-3731. The court of appeals held that pursuant to two appellate decisions from 1994 and 1995 interpreting *Steckman*, Broom "was unavoidably prevented from discovery of the facts upon which petitioner must rely to present the claim for relief" in his earlier petitions, as required by R.C. 2953.23(A)(1). *Broom*, 2009-Ohio-3731, ¶ 17-30. Hence, according to the court of appeals, Broom had made the required showing under R.C. 2953.23(A)(1)(a) that he was "unavoidably prevented" from discovering the facts his claim relied upon. Id. at ¶ 32. The court of appeals remanded the case to the trial court for consideration of whether Broom could also make the required showing by clear and convincing evidence that but for constitutional error at trial, no reasonable trier of fact would have found him guilty. Id., ¶ 36-37.

**{¶ 11}** The state appealed the judgment of the court of appeals, and we granted review on September 2, 2009. *State v. Broom*, 122 Ohio St.3d 1512, 2009-Ohio-4538, 912 N.E.2d 607.

**{¶ 12}** Broom contends, and the court of appeals held, that *Steckman* precluded him from using the 19 pages of police reports in litigating his first postconviction petition. But those 19 pages of reports were in Broom's hands months *before* our decision in *Steckman*. Broom utterly fails to explain why he made no effort to use them before *Steckman* was decided. Although he did not have them when he filed his petition in 1990, he could have sought leave to amend the petition to include them after he obtained them in 1993 or 1994. See R.C. 2953.21(F) (postconviction petitioner may amend petition with leave of court at any time).

**{¶ 13}** Moreover, as the Sixth Circuit explained in the federal habeas proceedings, Broom could have tried to use the reports even after *Steckman*, because *Steckman* contains no express prohibition on such use: "*Steckman* may not bar the use of records already in the petitioner's possession. Rather, *Steckman* may only bar efforts to obtain new information pursuant to the public-records statute during postconviction proceedings. Because *Steckman* does not directly address this issue, there was a reasonably available 'legal basis' for Broom either to file another petition for postconviction relief or to amend the petition that he had already filed." *Broom v. Mitchell*, 441 F.3d at 403-404. Thus, rather than waiting until his successive postconviction proceeding to litigate the scope of *Steckman*, Broom could have tried to litigate it during his *first* postconviction proceeding.

**{¶ 14}** The court of appeals disagreed with the Sixth Circuit on this point. According to the court of appeals, "*Steckman* unavoidably prevented [Broom] from filing a successor petition supported by material obtained from public records received pre-*Steckman*," thus justifying Broom's decision not to base a

claim for postconviction relief on those records. *State v. Broom*, 2009-Ohio-3731, ¶ 18.

{¶ 15} We find the court of appeals' analysis unpersuasive. To begin with, we agree with the Sixth Circuit that *Steckman* "does not directly address" the question whether public records acquired by a defendant before the filing of his postconviction petition may be used as evidentiary support for the legal claims asserted by that petition. *Broom v. Mitchell*, 441 F.3d at 403.

{¶ 16} The language of *Steckman*'s syllabus "must be interpreted with reference to the facts upon which it is predicated and the questions presented to and considered by the Court." *Williamson Heater Co. v. Radich* (1934), 128 Ohio St. 124, 190 N.E. 403, paragraph one of the syllabus. Accord *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 10; *State ex rel. Miller v. Indus. Comm.*, 97 Ohio St.3d 418, 2002-Ohio-6664, 780 N.E.2d 268, ¶ 17, quoting *State ex rel. Martin v. Indus. Comm.* (1978), 55 Ohio St.2d 18, 21, 9 O.O.3d 10, 377 N.E.2d 1000.

{¶ 17} Unlike the instant case, *Steckman* did not involve a postconviction petitioner who was trying to *introduce* police reports *already obtained* via R.C. 149.43 in his postconviction proceeding. *Steckman* did not discuss whether police reports obtained via R.C. 149.43 were *admissible*. Rather, *Steckman* involved a petitioner who was trying to *obtain* police reports for use in his postconviction proceeding, and the case discussed whether such reports were *subject to release* as public records in the first place. The court considered the applicability of the Public Records Act's exception for "[s]pecific confidential * * * investigatory work product," R.C. 149.43(A)(2)(c), and concluded, "Except as required by Crim.R. 16, information assembled by law enforcement officials in connection with a probable or pending criminal proceeding, is, by the work product exception found in R.C. 149.43(A)(2)(c), excepted from required release as said information

is compiled in anticipation of litigation." *Steckman*, 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph five of the syllabus.

{¶ 18} *Steckman* thus holds that a postconviction litigant cannot "avail * * * himself" of the Public Records Act to obtain police reports not covered by Crim.R. 16, because such reports are not subject to release under the act. Id. at paragraph six of the syllabus. But it does not necessarily follow that if a litigant does manage to obtain police reports, they must be excluded from the postconviction proceeding.

{¶ 19} As a final matter, we are not persuaded that Broom can meet the second requirement in R.C. 2953.23(A)(1) for filing a successive postconviction petition. In addition to showing that he was unavoidably prevented from discovering the facts his claim relied upon, Broom must also demonstrate "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b). In discussing whether it could allow Broom an evidentiary hearing on his *Brady* claim under Section 2254(e)(2), Title 28, U.S.Code, the federal district court considered an essentially identical standard: whether "'the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.'" *Broom v. Mitchell* (Aug. 28, 2002), N.D.Ohio No. 1:99 CV 0030, 50, quoting Section 2254(e)(2), Title 28, U.S.Code.

{¶ 20} The federal district court found that Broom had failed to meet this standard. It concluded, apparently considering all the police reports disclosed to Broom rather than just the 19 pages initially released, that the reports "appear[] to constitute largely inadmissible hearsay, often in the form of conjecture and rumor. To the extent it would have been admissible or have altered Broom's trial strategy, moreover, it only would have been used for impeachment purposes."

The court determined that "the profound evidence of Broom's guilt" outweighed the significance of the withheld material. It also remarked that it "takes issue with most of [Broom's] characterizations" of the alleged *Brady* material "and does not agree that they are, in most instances, supported by a careful review of those records * * *." Id. at 42, fn. 16.

{¶ 21} In sum, we hold that the court of appeals applied a narrow reading to *Steckman* that was not applicable to Broom's claims. The trial court correctly determined that Broom could have attempted to raise his *Brady* claim in his initial postconviction petition and that Broom therefore failed to show that he was "unavoidably prevented" from doing so. R.C. 2953.23(A)(1). We also hold that Broom failed to demonstrate that no reasonable fact-finder would have found him guilty had the Brady material been available for trial. Accordingly, the judgment of the court of appeals is reversed.[2]

Judgment reversed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

O'DONNELL, J., dissents and would affirm the judgment of the court of appeals.

_____

**PFEIFER, J.**, concurring in judgment only.

{¶ 22} Based on the federal court's observations and the lengthy description of the details of the *Brady* claim in Broom's brief, I find his claim completely lacking in merit. I am nonetheless concerned that this court focuses more attention on the process by which Broom raises his claim than on the merits of his claim. Were the process problems the same as described in the majority

---

2. On August 20, 2009, Broom filed a motion requesting a stay of execution that is scheduled for September 15, 2009, in case No. 1987-1674. That motion is hereby denied.

SUPREME COURT OF OHIO

opinion, but his claim on the merits worthy, I would be prepared to return the case to the trial court for a hearing on the merits. As it is, there is no sound reason to allow Broom to proceed with his *Brady* claim because it is clearly not meritorious. Accordingly, I concur in judgment only.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Matthew E. Meyer, Assistant Prosecuting Attorney, for appellant.

S. Adele Shank and Timothy F. Sweeney, for appellee.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, and Matthew A. Kanai, Assistant Solicitor, urging reversal for amicus curiae, Richard Cordray.

_____